House v. The City of Greensburg.

Filed Feb. 23, 1884.

———◆———

No. 11,443.

## HOUSE v. THE CITY OF GREENSBURG.

CITY.—*Law of Incorporation.—Presumption.*—Where a city is a party to a suit, and nothing is shown to the contrary, the presumption is indulged that such city is incorporated under the general law of the State for the incorporation of cities.

SAME.—*Vacation of Streets.—Owner of Abutting Land.—Outside of City Boundary.—Competent Objector.*—Where a petition is presented to the common council of a city, praying for the vacation of a street, the owner of land which is outside of, but abuts upon, the boundary line of such city, and upon the terminus of such street, is a stranger to the city and has no

House *v.* The City of Greensburg.

such interest in the street as makes him, under the provisions of section 3187, R. S. 1881, a competent objector to defeat the vacation thereof.

SAME.—*Objection of Adjacent Lot-owner.*—*Owner of Outside Land.*—*Cause of Action.*—*Injunction.*—The fact, if it be the fact, that the owner of an adjacent lot objects to the vacation of the street, does not give the owner of land outside of the city boundaries a sufficient cause of action for enjoining the proceedings of the city in the proposed vacation of the street.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*B. F. Bennett, J. D. Miller* and *F. E. Gavin,* for appellee.

HOWK, C. J.—In this case the sufficiency of the complaint of the appellant, House, to withstand the appellee's demurrer thereto, for the want of facts, is the only question presented for decision.

In his complaint the appellant alleged that he was, and had been for many years past, the owner in fee simple of certain real estate, particularly described, in Decatur county, of the value of $16,000; that his real estate was south of and immediately abutted upon the city of Greensburg, in said county; that East street, in such city, had been continuously a public street and highway, running north and south through the city and terminating at its south end, at the north line of appellant's real estate, since the 9th day of September, 1829; that on the 13th day of July, 1850, the Decatur County Cemetery Association was organized for cemetery purposes, and certain numbered lots, within the city limits, were conveyed to the association on August 10th, 1850, and from thence became and have since been cemetery grounds; that at the same time Franklin street, in such city, then town, which street then terminated at its south end, at the north line of appellant's real estate, was vacated from such line to the north line of such cemetery grounds for about 1,000 feet; that upon appellant's real estate, and immediately south of the terminus of East street, at the distance of 400 yards, were located the appellant's dwelling and other buildings, in which dwelling he had lived for forty years and then resided; that

for more than thirty years past and continuously until the present time he had and used a roadway from his residence and land and his stone-quarries there situate, running north to and connecting with East street, which roadway had, during all such time, been in constant use by him and the public in coming to his farm and stone-quarries, and without which road and street he had no way whatever north to the city; that the vacation of East street, as proposed by the appellee, damaged the appellant in, the sum of $1,000, and did and would depreciate his real estate in the sum of $1,000.

And the appellant further said that on the — day of November, 1883, a certain petition was filed before and with the appellee's common council praying the appellee, among other things, to vacate East street from its south end north a distance of 891 feet; that the common council, having received the petition, referred the same to the city commissioners of such city for their consideration and report thereon; that on the 2d day of November, 1883, the appellant filed his written objections to the vacation of such part of East street before the common council and city commissioners; that afterwards, on the same day, the city commissioners filed their written report in said matters to and with the common council; that thereupon the common council received such report, and then and there made an order of record vacating East street from its south terminus north a distance of 891 feet; that such vacation of East street wholly deprived the appellant of any way, road or street whatever from his real estate to the city of Greensburg, and of access to any highway, street or way of any kind from his real estate and residence except the other street of such city mentioned in the report of the city commissioners to the common council.

And the appellant averred that he was directly interested in East street and against the proposed vacation thereof; that the action of the appellee, in the proposed vacation of such part of East street, was without authority of law and void; and that the order of vacation so made was unauthor-

ized by law and void. Wherefore appellant prayed that appellee be enjoined, etc.

In the transcript of the complaint, as it appears in the record before us, the petition for vacation, the appellant's objections to such vacation, and the report of the city commissioners on the petition appear to have been severally set out in the body of the complaint at the places therein where they were severally mentioned.

In considering the sufficiency of appellant's complaint, it will be presumed, as nothing is alleged to the contrary, that the city of Greensburg was and is incorporated under the general laws of this State for the incorporation of cities. *Lowrey* v. *City of Delphi*, 55 Ind. 250; *City of Brazil* v. *McBride*, 69 Ind. 244; *Bessonies* v. *City of Indianapolis*, 71 Ind. 189.

In section 3184, R. S. 1881, it is provided as follows: ".The common council shall have power to vacate streets, alleys, watercourses, public highways, or squares, whenever they may deem it expedient for the public interests. Whenever a petition shall be presented by three reputable freeholders, praying for the vacation of any street, highway, alley, or public square, the common council shall refer the petition and matters appertaining thereto to the city commissioners." The section contains other provisions not material in this case, and therefore omitted.

Section 3185 regulates the proceedings of the city commissioners, and provides for the examination of witnesses, the hearing of evidence, the administering of oaths, and for adjournments from time to time, and then proceeds as follows: " They shall view the street, alley, highway, [or square]; proposed to be vacated, and shall determine what persons, if any, will be benefited thereby; and shall assess benefits. In case any property owner, immediately upon the line of said street, alley, highway, or square, who is directly interested therein, shall object to such vacation, the city commissioners shall report such fact to the common council. If the commissioners

House v. The City of Greensburg.

should consider that the necessary or proper parties have not been brought before-them, they may require the petitioners to notify each person or persons as they may deem entitled to notice."

In section 3186 the points are designated upon which the city commissioners are required to make their written report to the common council, of which the *fourth* is as follows: " The names of property owners or persons who may object to the vacation of such street, alley, highway, square, or park, and the nature of their interest therein."

Section 3187 provides what action the common council may take on the report of the city commissioners, and, *inter alia,* declares as follows: " The common council shall have no power to order such vacation when objected to by property owners adjacent thereto, or by those having a direct or substantial interest therein."

The foregoing are the principal provisions of the statute which have any bearing upon the questions we are required to decide in the case at bar. No fault is found by the appellant's counsel, as we understand his brief, with any of the preliminary proceedings in relation to the vacation of a part of East street; but counsel earnestly insists that on the report of the city commissioners stating the names of the property owners who objected to such vacation, and the nature of their interest therein, the common council of the city of Greensburg had no power, under the statute, to order the vacation. On this point the city commissioners reported as follows:

" 4th. We report the name of David Mulligan as a property owner, in said city, objecting to the vacation of that portion of East street above described. Said Mulligan's land is not adjacent to that portion of East street asked to be vacated. We find him not a property owner adjacent to said proposed vacation, and that he has no direct or substantial interest in said vacation.

" We also report specially and particularly as to the following named property owner objector, Isaac House, who objects

to the vacation of that part of East street proposed to be vacated, as described in this report, and not to the other streets and alleys herein described. We find said House's land to be bounded on the north by the south corporation line of said city; that the north boundary line of said House's land forms the south boundary line of the city, running across the south end of that portion of East street sought to be vacated; that said land, so bounding the said south end of said East street, does not adjoin said East street at any other point, and said land so bounding said south end of East street is wholly without the corporate limits of said city of Greensburg, Indiana; that the vacation of that portion of East street, so sought and petitioned for, would close the nearest roadway and most direct from the residence of said House to said city of Greensburg; that the said House, counting said East street, has two roadways to said city, yet the one by way of East street is somewhat more direct than the second one, just mentioned. We recommend the vacation of said streets and alleys, as prayed for by the petitioners in said petition."

This report of the city commissioners, as we have seen, is a part of the appellant's complaint, as it appears in the record. The complaint, therefore, fairly presents for decision this question: Can a non-resident land-owner, whose land is outside of, but abuts upon, the corporation line of an incorporated city, be heard to complain of the action of the common council of such city in the vacation of a street or part of a street, within the city limits, upon the terminus of which such land also abuts? We are of opinion that this question must be answered in the negative. By the finding of the city commissioners, and by his own showing, the appellant is *not* a "property-owner immediately upon the line" of that part of East street, proposed to be vacated. Much stress is placed by the appellant's counsel, in argument, upon the limitation or restriction of the power of the common council to order the vacation of a street, "when objected to by property

owners adjacent thereto, or by those having a direct or substantial interest therein."

In such a case, the statute declares, as we have seen, that the common council shall have no power to order the vacation. Section 3187. This language, however, is to be construed with and is controlled by the provision in section 3185, which declares, for the guidance of the city commissioners, in making their report to the common council, what property owners are competent objectors to the proposed vacation. Fairly construed, this latter section 3185 provides that "any property owner immediately upon the line of said street, * * * who is directly interested therein," is a competent objector to the vacation of the street. The appellant shows in his complaint, and it is shown, also, by the report of the city commissioners, that he is not such a property owner, as, under the statute, is authorized to object to the proposed vacation of East street. It is clear, therefore, as it seems to us, that the appellant has no standing in court to complain of the action of the appellee in the vacation of East street, however much it may affect his private interests, and however much inconvenience may result to him therefrom. He is a stranger to the municipality, and, for this reason, has no direct or substantial interest in any of its public streets, within the meaning of the city charter.

The supposed grievance of David Mulligan, at the vacation of the street, can not give the appellant any sufficient cause of action in this case. It was found by the city commissioners that Mulligan's land was not adjacent to that portion of East street proposed to be vacated, and that he had no direct or substantial interest in such vacation. It is unnecessary for us to decide, in the case in hand, whether this finding of the city commissioners was right or wrong. If it be conceded that the finding was clearly wrong, and that Mulligan had such a direct and substantial interest in the proposed vacation as made him a competent objector thereto,

under the statute, yet we think that his objection to the vacation, even if persisted in and not withdrawn, would not afford the appellant any sufficient cause of action for enjoining the appellee's proceedings in the proposed vacation of a part of East street.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed Feb. 20, 1884.