TEXARKANA *v*. LEACH.

Opinion delivered December 17, 1898.

1. MUNICIPAL CORPORATION—VACATION OF STREET.—Cities of the second class have no authority, express or implied, to vacate streets. (Page 42.)

2. VACATION OF STREET—INJUNCTION.—The vacation of a public street by a city of the second class may be enjoined by an adjacent land owner whose property would thereby be depreciated in value, notwithstanding it would affect many others in the same manner. (Page 42.)

Appeal from Miller Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

*Dodge & Johnson*, for appellants.

The city, and it alone, had the right to judge of the necessity for changing the street crossing. Sand. & H. Dig. §§ 5132, 5151; 114 Pa. St. 477; 7 Cush. 254; 24 Pa. St. 207; 55 N. Y. 486; Dill. Mun. Corp. § 666; 25 Vt. 49. Appellee is not entitled to any relief, because the injury of which she complains is one of the same kind as that borne by the general public, and it is not sufficient that the injury falls more heavily upon her. 102 Ill. 379; 106 Ill. 353; 7 Cush. 254; 157 Mass. 17; 11 Gray, 26; 153 Mass. 218; 154 Mass. 509; 43 N. Y. 399, 414; 55 N. Y. 486; 24 Pa. St. 207; 114 Pa. St. 470; 15 R. I. 334; 10 R. I. 437; 48 Cal. 490; 74 Mich. 699; 102 Ill. 379; 119 Ill. 200; 45 Ia. 275; Dill. Mun. Corp. § 666; 57 N. W. 832, 833; 107 Mo. 204; 55 N. Y. 490; 4 Kas. 630; Elliott on Streets, 663; 101 N. Y. 411; 50 Ark. 469; 40 Ark. 83, 88, 89. When a portion of a street is vacated, those whose property does not abut upon the vacated portion can not complain. 48 Cal. 490; 102 Ill. 379; 107 Ill. 600; 26 Ia. 387; 66 Ia. 687; 28 Kas. 622, 625; 11 Gray, 66; 20 Mich. 95; 50 N. H. 530; 10 Kas. 95; 12 Mo. App. 175; 40 Ia. 576; *ib.* 571; 45 Ia. 275. The fee of the roadway across the railway company's tracks was in the company, and, upon the vaca-

tion or discontinuance of the way, it reverted to each owner. 36 Barb. 162; 3 Bosw. 372; 60 N. Y. 242; 10 Peters, 26; 6 Peters, 513; 1 Sum. 21; 8 Watts, 172; 13 Mass. 256; 4 Miss. 427; 2 Sm. Lead. Cases. 180; 52 Conn. 248; 45 Ia. 275; 21 Fed. 233; 94 Ill. 265.

*J. D. Cook,* for appellee.

The right to vacate the street was not vested in the city of Texarkana, either by express delegation from the legislature or by necessary implication. Therefore it had no such power. 50 Ark. 466; 35 Ark. 497; 13 How. 518; 2 Black, 485; 15 Pick. 169; 50 Ga. 451; 40 Ark. 83; 40 N. J. Eq. 417; 42 N. J. Eq. 169; Elliott, Roads, 661. The ordinance being without authority, both the city and the railway company were subject to injunction to prevent its enforcement. 44 Ind. 418; 45 Ga. 152; Elliott, Roads, 605. Appellee's right in the highway was a special one, and she is protected therein. 42 N. W. 77; 7 Ind. 9–38; 50 Ind. 537; 50 N. H. 530; 67 Ill. 439; 16 Am. Rep. 624; 10 Bush, 382; 6 Peters, 431; 35 Ark. 429.

BATTLE, J. The city of Texarkana is divided by the St. Louis, Iron Mountain and Southern Railway into two parts. A part of the city lying south of the railway is known as "College Hill Addition." This addition and the business part of the city, which lies north of the railway, is connected by a street which is known as the College Hill street. It leads from Broad street on the north across many tracks of railroad in the St. Louis, Iron Mountain & Southern Railway yards to Dudley street on the south. South of the railway, and abutting on College Hill street, Mrs. Nancy Leach owns four town lots. These lots are improved, and one or more of them constitute her homestead. To obviate the necessity of crossing so many railway tracks, and to protect life and property, the city council of Texarkana, in consideration that the railway company would open a new street on a certain route, and across the railway at a designated point, where the tracks were less numerous than they are at the crossing of the College Hill street, passed an ordinance by which it declared vacated the said crossing of the College Hill street, and authorized the railway company to close

the same. In pursuance of this ordinance, the railway company was proceeding to open said new street and to close up said crossing, when Mrs. Leach, to prevent it, instituted an action in the Miller circuit court against the city and railway company, and sued out an order therein prohibiting and restraining them from so doing. At the hearing it clearly appeared that the effect of closing and vacating the same would depreciate the the value of said town lots of Mrs. Leach from twenty-five to fifty per cent., as well as the value of the town lots of many other persons in the same vicinity; and the court made the order perpetual, and the defendants appealed.

Texarkana being a city of the second class, the ordinance of its city council is void. The municipal authorities of a city or town cannot vacate a street or any part of it without the authority of the legislature. This power does not inhere in a municipality. *Hoboken Land & Imp. Co.* v. *Hoboken,*, 36 N. J. L. 540; *Polack* v. *S. F. Orphan Asylum*, 48 Cal. 490; 2 Dillon, Municipal Corporations, (4 Ed.) § 666, and notes. The statutes of this state authorize municipal corporations to lay off, open, widen, straighten, establish and improve streets, and keep them in repair, but they do not expressly, impliedly, or incidentally confer upon cities of the second class or incorporated towns authority to vacate streets. Sand. & H. Dig., §§5151, 5208

The vacating and closing of the College Hill street crossing of the railway would be a public nuisance, and an injury to Mrs. Leach specially, notwithstanding it would affect many others in the same manner; and her right to an injunction to prevent it is unquestionable. *Draper* v. *Mackey*, 35 Ark. 497; *Wesson* v. *Washburn Iron Co.*, 13 Allen, 95; S. C. 90 Am. Dec. 181; *Snell* v. *Buresh*, 123 Ill. 151; *Corning* v. *Lowerre*, 6 Johns. Ch. 439; *Keystone Bridge Co.* v. *Summers*, 13 W. Va. 476; *Pettibone* v. *Hamilton*, 40 Wis. 402; *Francis* v. *Schoellkopf*, 50 N. Y. 152; *Hamilton* v. *Whitridge,* 11 Md. 128; S. C. 69 Am. Dec. 184; *Norcross* v. *Thoms*, 51 Me. 503; S. C. 81 Am. Dec. 588; *Milhau* v. *Sharp*, 27 N. Y. 611; S. D. 84 Am. Dec. 314, 321; *Brown* v. *Watson*, 47 Me. 161; S. C. 74 Am. Dec. 482; 2 Wood, Nuisances (3 Ed.) §§ 663, 669, 670, 672, 674, 676–680.

Let the decree of the Miller circuit court be affirmed.

BUNN, C. J., concurs as to want of power in city to vacate street, but dissents as to special interest of appellee to bring this suit.