## HALL *v.* CITY OF LEBANON ET AL.

[No. 4,788.    Filed June 2, 1903.]

MUNICIPAL CORPORATIONS.— *Vacation of Street.*—*Objection by Property Owner.*—A person competent to object to the vacation of a street as a property owner, under §§3648, 3650 Burns 1901, must be a property owner immediately upon the street or the part thereof to be vacated. *p. 268.*

SAME.—*Vacation of Street.*—*Injunction.*—A complaint by a property owner upon a street, but not abutting the part sought to be vacated, is insufficient to entitle plaintiff to injunctive relief, where the facts pleaded do not show that any special damages will result to plaintiff's property by the proposed vacation. *pp. 266–269.*

From Clinton Circuit Court; *J. V. Kent,* Judge.

Suit by Minerva J. Hall against the city of Lebanon and others. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*P. H. Dutch,* for appellant.

*J. T. Dye, S. M. Ralston, S. R. Artman, H. C. Sheridan* and *C. M. Bounell,* for appellees.

ROBINSON, C. J.—Transferred from the Supreme Court under the act of March 12, 1901.

Appellant seeks to enjoin the vacation of a portion of a public street. The error assigned rests upon the ruling of the court sustaining a demurrer to the complaint.

The complaint avers that appellant is a resident taxpayer in appellee city, and owns certain real estate which abuts and is situated adjacent to Jamestown avenue, and immediately upon the line of the avenue; that certain persons, named, petitioned for the vacation of a part of the avenue, the petition alleging that it was not of public utility, and that all the abutting property owners had signed the petition except the appellee railway company, which filed a waiver of notice; that this petition was by the council referred to the street committee which recommended that the matter be referred to the city commissioners which was done. It is further averred that no notice was given of the meeting of the commissioners, and that appellant did not know of the meeting until after the commissioners had viewed the street; that at her first opportunity, and while a majority of the commissioners were yet together, she presented to one of them her remonstrance, objecting to the competency of some of the commissioners, and that the proposed vacation would be a detriment to her, would greatly inconvenience the public traveling over the avenue, and would not be of public benefit and utility; that before the report of the commissioners was acted on she presented to the council an additional remonstrance, objecting to the competency of certain commissioners, that the report failed to state the names of all the property owners and to describe

the property that would be affected, that the petitioners gave no notice, and that no notice was given of the meeting of the commissioners; that the council illegally and wrongfully refused and neglected to appoint competent commissioners. It is further averred that the report of the commissioners in favor of the vacation of the street was adopted, in disregard of appellant's remonstrance, and under the pretense that appellant had no' right to object to the competency of the commissioners; that the action of the council in adopting the report was illegal because of the incompetency of the commissioners, which alleged incompetency is set out in the complaint; that appellee railway company is threatening to and is about to take possession of that part of the street vacated, and that the other appellees will appropriate to their own use such portion of the street unless restrained from doing so; that appellant "will be greatly damaged" if the council is permitted to carry into execution the report of the commissioners; that she will suffer certain inconvenience in reaching the main part of the city; that the council illegally and wrongfully adopted the report of the commissioners, in consideration that the petitioners and the railway company execute a deed to the city of a certain street, and that it is a part of a scheme to have the part of the street vacated in order to procure the removal of the company's depot; that the action of the commissioners in refusing to allow appellant's remonstrance and sustain her objections to the competency of such commissioners was wrongful, and that the approval of the report by the council was illegal and void. The petition and all of the proceedings of the council pertaining to the vacation are filed with and made part of the complaint.

The statute (§3647 Burns 1901) provides the proceedings to be had by the common council in the vacation of streets. Section 3648 Burns 1901, after prescribing certain duties of the city commissioners, provides: "In case any

property owner immediately upon the line of said street, alley, highway or square, or part thereof, sought to be vacated, who is directly interested therein shall object to such vacation, the city commissioners shall report such fact to the common council." Section 3650 Burns 1901 fixes the duty of the council as to the report of the commissioners and provides: "The common council shall have no power to order such vacation when objected to by property owners adjacent thereto." Whether an aggrieved property owner in street vacation proceedings is limited to the remedy by appeal from such proceedings, as argued by appellee's counsel, or whether he may ask a court of equity to enjoin the proposed vacation, as claimed by counsel for appellant, the court, in *House* v. *City of Greensburg,* 93 Ind. 533, without considering the question of practice, decided upon its merits, on appeal from a decree denying an injunction to restrain the city from vacating a street. However, if injunction be the proper remedy, the complaint is insufficient.

When §§3648, 3650, *supra,* are construed together, as they must be, we. think it clearly the intention of the legislature that a person competent to object to the vacation of the street, as a property owner, must be a property owner immediately upon the street or the part thereof to be vacated. Where a part only of a street is to be vacated, a property owner upon that street, but not upon the part to be vacated, is not a competent objector, as a property owner, to the vacation. See *House* v. *City of Greensburg, supra.* Appellant's complaint does aver that she owns property abutting upon the particular street and immediately upon the line thereof, but it does not aver that she is the owner of property immediately upon the line of the proposed vacation. And by the report of the commissioners, a copy of which, together with all the proceedings of the council, is made a part of the complaint, it is shown that appellant's property is not adjacent to that portion of the street sought to be vacated, and is not immediately upon the line

thereof, but is more than one square away. As an object-ing property owner upon the street at the place where the same is to be vacated, she has not shown herself to be within the statute.

The complaint does not show that any special damage will result to her property by the proposed vacation, and conceding, without deciding, that a property owner upon the particular street, but not abutting the part to be va-cated, might be so specially injured by a proposed vaca-tion as to be entitled to injunctive relief, the facts pleaded do not make such a case. Certain facts are averred to show that inconvenience will result to appellant from the proposed vacation, but it is an inconvenience that will re-sult to the general public also, and is clearly insufficient to require injunctive relief. See *Dantzer* v. *Indianapolis Union R. Co.*, 141 Ind. 604, 34 L. R. A. 769, 50 Am. St. 343, and cases there cited.

Judgment affirmed.