[No. 6608.   Decided January 24, 1907.]

GEORGE A. MOTTMAN *et al.*, *Appellants*, v. THE CITY OF OLYMPIA and THE STATE OF WASHINGTON, *Respondents*.[1]

MUNICIPAL CORPORATIONS—STREETS—VACATION—RIGHTS OF ADJACENT OWNERS. The owner of business property in a city cannot object to the vacation of a street upon which his property does not abut, where the only practical effect it would have upon his egress or ingress would be the deflection one block east or west of the travel coming from the residence district.

SAME—REVIEW BY COURTS. The vacation of a city street is a legislative function, delegated to the city by Laws 1901, ch. 84, and cannot be reviewed by the courts in the absence of collusion or fraud.

SAME. The fact that the vacation of a street was to give the title thereto to the state, which owned the abutting property, does not show collusion or fraud that would defeat the vacation.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered October 30, 1906, upon sustaining a demurrer to the complaint, dismissing an action to restrain the vacation of a street.   Affirmed.

*Geo. H. Funk*, for appellants.   The city may not damage private property by the vacation of a street without just

[1] Reported in 88 Pac. 579.

compensation being first made. *Chicago v. Taylor*, 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638; *Denver v. Bayer*, 7 Colo. 113, 2 Pac. 6; *Spencer v. Metropolitan St. R. Co.*, 120 Mo. 154, 23 S. W. 126, 22 L. R. A. 668; *Rigney v. Chicago*, 102 Ill. 64; *Bigelow v. Ballerino*, 111 Cal. 559, 44 Pac. 307; *Bannon v. Rohmeiser*, 90 Ky. 48, 13 S. W. 444, 29 Am. St. 355. Special damage may be inflicted although the property does not abut on the street. *Chicago v. Baker*, 86 Fed. 753; *Rigney v. Chicago, supra; Chicago v. Burckey*, 158 Ill. 103, 42 N. E. 178, 49 Am. St. 142, 29 L. R. A. 568; *In Re Melon Street, Philadelphia*, 182 Pa. St. 397, 38 Atl. 482, 38 L. R. A. 275; *Garvan v. Louisville etc. R. Co.*, 89 Ky. 212, 12 S. W. 259, 6 L. R. A. 340.

*The Attorney General* and *P. M. Troy*, for respondents.

PER CURIAM.—The complaint shows, that the appellants are the owners of the south half of lots 7 and 8, in block 25, of the city of Olympia, Washington; that the said real property was and is improved by a two-story brick building thereon, of the value of about $15,000, which has for several years been used for a retail store, and is now being used for a postoffice, telephone office, and for business of various kinds; that the same is now rented and is producing a monthly income of $175, and is situated near the main retail business district of the city and derives a large element of its value from its status as business property and from its favorable location; that the property abuts on Washington street, being situated on the easterly side of said street; that it likewise abuts on Sixth street, being on the northerly side of Sixth street, both of said streets being regularly dedicated public streets, having been opened, graded, and improved with sidewalks on either side thereof, for many years; that one block south of Sixth street and running parallel therewith, is Seventh street, also open and traveled and improved for many years; that between Sixth and Seventh streets and abutting on

the easterly line of Washington street are the premises occu-
pied by the capitol building of the state of Washington; that
on or about the 17th day of September, 1906, the mayor and
city council of the city of Olympia passed an ordinance as-
suming to vacate all that portion of Washington street lying
between Sixth and Seventh streets in said city of Olympia;
that the mayor and city council of the city of Olympia in va-
cating said portion of said street were not actuated or in-
fluenced in so doing by the belief that said portion of said
street was no longer necessary and convenient for public use,
but that the same was so vacated in order to vest title to that
portion of said street in the state of Washington, the state
being the owner of the property on both sides of the portion
of said street sought to be vacated. The appellants, prior to
the taking effect of said ordinance of vacation, commenced
their action seeking to restrain the city of Olympia from
putting the same into effect, and the state of Washington
from taking benefits thereunder, until such time as the damage
caused to appellants' said property had been ascertained and
paid to them. Upon the commencement of said action, the
court issued its temporary restraining order, but upon ap-
pearance of defendants and filing of the demurrer to the com-
plaint, the court sustained the demurrer, and upon the refusal
of the appellants to further plead, entered judgment dis-
missing the action. From such judgment this appeal is
taken.

The assignment of error is the action of the court in sus-
taining the demurrer and dismissing appellants' action. It
is not contended by the appellants that under no circum-
stances can the city vacate its public streets; it is admitted
that they can do so when the general public interest requires
it, and upon payment for the injury caused to private prop-
erty thereby. But it is insisted that in this case special dam-
ages, distinct from general damages suffered by the general
community, are shown by the complaint, and that in such case

the street can only be vacated by paying such special damages as can be shown to exist, and that the appellants' lands being occupied by a business house, they are specially damaged by reason of the fact that customers cannot reach the premises through the medium of Washington street.

It is argued by counsel for the appellants that, if the authorities have a right to close Washington street between Sixth and Seventh streets, they would have the same right to close Washington street north of appellants' lands, and to close any other street upon which the appellants' property did not directly abut, thereby practically destroying the value of appellants' premises as a place of business. This it seems to us does not necessarily follow, but if the city has a right to vacate a street, the line must be drawn somewhere; and if appellants' contention is true, it logically follows that the city would have no right to vacate Washington street between Seventh and Eighth streets, or between Eighth and Ninth streets, or to vacate it at all, no matter how far it extended south of appellants' premises; for the only practical effect that it has on appellants' egress and ingress is the deflection one block either east or west of the travel coming from the residence portion between Washington street and Franklin street, the next street east and parallel with Washington street, and that is too slight a consideration, we think, to be controlling in a case of this kind. It will be remembered that the appellants' property does not abut on the street vacated.

In any event, this question, it seems to us, has been squarely decided by this court in the late case of *Ponischil v. Hoquiam Sash & Door Co.*, 41 Wash. 303, 83 Pac. 316, where it was held that the vacation of streets was a legislative function which could be delegated by the legislature to municipal corporations, and that such legislative function had been delegated by chapter 84 of the Laws of 1901, p. 175; and it was further held that the vacation of streets was an exercise of the

legislative or political function that could be reviewed by the courts for collusion or fraud only. There is no collusion or fraud charged in this complaint. The statement that the object of the vacation was to give title to the state which owned the land on either side of the street is not an allegation of collusion or fraud. Such a statement only raises the question of public policy.

The demurrer to the complaint we think was properly sustained, and the judgment is affirmed.