[No. 9925.   Department One.   February 6, 1912.]

E. A. FREEMAN et al., Appellants, v. THE CITY OF CENTRALIA
                    et al., Respondents.[1]

MUNICIPAL CORPORATIONS — STREETS — VACATION—DAMAGES.   The
vacation of a street will not be enjoined at the suit of citizens whose
property does not abut on the vacated portion and access is not cut
off, or who do not sustain special physical damage different in kind
rather than in degree from that suffered by the public.

SAME.   Mere inconvenience from the vacation of a street, where
access to property is preserved over other streets, is not a taking of
or damage to property not abutting on the vacated portion of the
street.

SAME—VACATION—CONTROL BY COURTS.   The fact that vacated
streets may be put to private uses, and that the vacation was in-
stigated by private interests affected does not warrant interference
with the city council's action in vacating the streets; the courts not
inquiring into the motive for legislative action.

PLEADING—DEMURRER—LEGAL CONCLUSIONS.   A demurrer does not
admit facts that may be inferred from a legal conclusion.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered September 11, 1911, upon sustain-
ing a demurrer to the complaint, dismissing an action to re-
strain the vacation of streets.   Affirmed.

John E. Humphries, for appellants.

W. N. Beal, Geo. T. Reid, J. W. Quick, and L. B. da Ponte
(Dysart & Ellsbury, of counsel), for respondents.

CHADWICK, J.—This is an appeal from an order sustain-
ing a demurrer to a complaint.   The appellants are owners
of property in the city of Centralia.   Magnolia street, Pine
street and Front street are streets running across the city and
over which appellants, or some of them, have been accus-
tomed to pass in going from their homes to the business part
of the city of Centralia, which is located west of the main

[1]Reported in 120 Pac. 886.

track of the Northern Pacific Railway Company. It is alleged in the complaint that the defendants, the officers of the city, are intending to pass an ordinance vacating a part of these streets, and that their purpose is to turn the vacated portions over to the railroad companies, which are made defendants herein, to be used for railroad purposes; that, if this design is accomplished, the streets will be closed to public travel; that no provision has been made for the payment of damages to these plaintiffs, and that the proposed action of the city authorities is void and unauthorized, and in contravention of the constitutional provision (art. 1, § 16), that private property shall not be taken or damaged without just compensation therefor. It is admitted that the several properties of the respective appellants do not abut or touch upon that part of the street actually vacated.

It is contended that appellants have a right to the use of the streets upon which their property abuts for its entire length, and are entitled to compensation as abutting owners, if any part of the street is vacated. Authority upon the particular proposition advanced is divided; but this court has, in several cases, aligned itself with the great majority of American courts in holding that a property owner does not come within the rule of compensation unless his property abuts upon or touches that part of the street which is actually vacated, or a special or peculiar damage is made to appear; or, to state the proposition in its elementary form, unless his injury differs in kind rather than in degree from that suffered by the general public. 15 Cyc. 665.

"The consideration of the question whether the abutting owner is specially and peculiarly damaged has resulted in a difference of opinion on the part of the courts, some courts being of the opinion that under certain circumstances the injury is special and peculiar, whilst other courts, under the same circumstances, have regarded it as only such as is sustained by the general public. The existence of the special and peculiar damage is, however, more readily recognized *when the property abuts* upon the particular part of the

street that is vacated. Many decisions declare that, as a general rule, only property abutting upon the portion of the street closed is specially damaged by the vacation, and that only such abutter can recover damages or compensation for the taking of his property." Dillon, Municipal Corporations (5th ed.), p. 1842, § 1160.

The exact question here raised was before this court in *Ponischil v. Hoquiam Sash & Door Co.*, 41 Wash. 303, 83 Pac. 316. The court there said:

"There is some conflict of authority as to whether owners of lots not abutting upon that portion of a street actually vacated can recover damages. The current of authority seems to be against any such right of recovery, unless special damage is shown, as distinguished from that sustained by the public in general. 'Where a municipality attempts to vacate a street, property owners not abutting thereon have no grounds for objecting to the validity or regularity of the proceedings, nor the right to an injunction restraining such vacation.' 27 Am. & Eng. Ency. Law (2d ed.), 114, 115. . . . In *Heller v. Atchison etc. R. Co.*, 28 Kan. 625, Brewer, J., at page 628, said: 'Where a party owns a lot which abuts on that portion of the street vacated so that access to the lot is shut off, it is clear that the lot owner is directly injured, and may properly challenge the action. The closing up of access to the lot is the direct result of the vacating of the street, and he, by the loss of access to the lot, suffers an injury which is not common to the public; but in the case at bar, access to plaintiff's lots is in no manner interfered with. The full width of the street in front and on the side is free and undisturbed, and the only real complaint is, that by the vacating of the street away from her lots the course of travel is changed. But this is only an indirect result. There is nothing to prevent travel from coming by her lots if travelers desire it. The way to the heart of the city by her lots is a little more remote than it was before, but still free passage is open to all who wish to pass thereby. No one is compelled to stay away. Access to the lots is the same that it was before, so that the injury is only the indirect result of the action complained of and it is an injury which, if it exists at all, is sustained by all other lots along the street west of the parts vacated.' "

This case has been followed in several cases: *Mottman v. Olympia*, 45 Wash. 361, 88 Pac. 579; *Meacham v. Seattle*, 45 Wash. 380, 88 Pac. 628; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797; and the principle recognized, without reference to these cases in *Murphy v. Chicago, Milwaukee etc. R. Co.*, 66 Wash. 663, 120 Pac. 525, and *Clute v. North Yakima & Valley R. Co.*, 62 Wash. 531, 114 Pac. 513.

The question of compensation for consequential damages was carefully considered in *In re Fifth Avenue etc.*, 62 Wash. 218, 113 Pac. 762, a street grade case, and it was there held that, to recover damages, the property affected must abut upon the improvement. Appellants quote the following from the *Smith* case:

"Where, however, the effect of closing the street or highway is to close the only passageway a property owner has from his property to the main public ways, such an owner may properly challenge the action by a suit in court, even though he be not an abutting property owner."

But that case does not deny the authority of the former cases; it is expressly based upon them. It goes no further than to recognize the exception to the rule as stated in the *Ponichil* case; that is, that a recovery may be had if the vacation interferes with the *access* to the abutter's property in such manner that he is specially and peculiarly damaged. The injury must be physical in its character. *Smith v. St. Paul etc. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889. See, also, Dillon, Mun. Corp. (5th ed.), § 1160. But the rule is equally well settled that no compensation can be exacted where access is preserved over other streets or ways. In other words, an added inconvenience is not a damage or taking within the meaning of these terms as they are used in our state constitution. *Hall v. Lebanon*, 31 Ind. App. 265, 67 N. E. 703; *Mottman v. Olympia, supra.*

It is not seriously contended that the law is not settled against the appellants. The *Mottman* case is identical with the case at bar, but it is said that our "definition of an abut-

ting owner has been construed too narrowly." Appellants rely upon the following cases: *Alabama & V. R. Co. v. Turner* (Miss.), 52 South. 261; *O'Brien v. Central Iron & Steel Co.,* 158 Ind. 218, 63 N. E. 302, 92 Am. St. 305, 57 L. R. A. 508; *Chicago v. Baker,* 86 Fed. 753; *Borghart v. Cedar Rapids,* 126 Iowa 313, 101 N. W. 1120, 68 L. R. A. 306; *Laurel v. Rowell,* 84 Miss. 435, 36 South. 543; *Texarkana v. Leach,* 66 Ark. 40, 48 S. W. 807, 74 Am. St. 68.

The *Turner* case is especially relied on; and from expressions used in the opinion, it may be that the court would have been willing to hold on principle that a property owner has the use of a street for the whole length thereof, and from side to side, and that that use is such property that it cannot be taken without compensation. But it is more likely that its decision was really made to rest upon the statute, § 3336 of the Code of Mississippi. The power is there granted to municipalities "to close and vacate any street or alley or any portion thereof," and further, "that no street or alley, or any portion *thereof*, shall be closed or vacated except upon due compensation being first made to the *abutting land owners upon such street or alley* for all damages sustained thereby."

The other cases are in line with our own decisions, as qualified in *Smith v. Centralia.* In the *O'Brien* case, the obstruction was located about two hundred feet east of the plaintiff's residence. There was no cross-street or other outlet between the obstruction and plaintiff's property, so that his egress and ingress to and from his property were "wholly barred, cut off and destroyed." The distinction between the common right and the right of a private individual is pointed out, so that the case is in harmony with our present holding. In the *Baker* case, the court held that, in Illinois, damages would be allowed if there was a special injury, and that the property need not abut upon the vacation, but says further that: "The mere cutting off of travel along the street would seem to be a common injury for which individual relief is not allowed." In the *Borghart* case the property was abutting,

access being wholly cut off. In *Laurel v. Rowell, supra,* the property was abutting. The *Texarkana* case holds that, in the absence of express legislative grant, a city cannot vacate streets. See, *Smith v. McDowell, infra,* and the discussion following.

It is most seriously contended that an injunction should issue because, by their demurrer, the defendants admit that they are "conspiring and confederating" together with intent to turn over the streets when vacated to a private use. It is a rule, sustained by universal authority, that courts will not inquire into the motives of a legislative body having power to act upon a given subject-matter. But granting that we had the right to do so, it does not follow that, because the property is to be put to purposes most convenient to the one acquiring title thereto, an injunction will issue. In the first place, having power to vacate, if the title in the street reverts to the abutting owner (*Schwede v. Hemrich Bros. Brewing Co.,* 29 Wash. 21, 69 Pac. 362), this court could not control or interfere with a lawful use of the property. Or, granting that the title does not revert but remains in the city, the mere fact that the result of a proper legislative act is to put the use of property in private control would not warrant interference by injunction.

"The vacated portion of the street had been laid over the Trumbull lands. There appears to have been an opportunity to sell a tract of said land to a company which would locate extensive works upon it, and so increase the prosperity of that portion of the city. The required piece of land could not have been obtained without a vacation of this part of York street. This was probably the principal inducement to the action of common council. But the motives which induce municipal proceedings of this kind are always of a mixed character. Regard for private interests are necessarily intertwined with public interests." *Kean v. Elizabeth,* 54 N. J. L. 462, 24 Atl. 495.

"The fact that, as a consequence of closing the street, private ownership in its bed results, and that provisions are made by the law by which the land can be utilized and ren-

dered valuable, does not convert the main purpose of the legislation from a public to a private one." *Matter of the Mayor*, 28 App. Div. 143, 52 N. Y. Supp. 588.

A like holding was made in the case of *Marshalltown v. Forney*, 61 Iowa 578:

"Now, if the vacation of a street puts an end to the public use, it certainly cannot affect the power of the city to vacate, that the vacation was made for the purpose of devoting the vacated street or alley to a private use. If the power to vacate is otherwise rightfully exercised, and no private rights are injuriously affected, it is not material what object is intended to be promoted by the vacation."

It will be borne in mind that this court has held that, unless the property of the owner actually abuts upon the vacated portion of the street or suffers a special injury, he has no private right. The case just cited was followed and approved in *Dempsey v. Burlington*, 66 Iowa 687, 24 N. W. 508. Another and perhaps stronger case than any of those cited is that of *Columbus v. Union Pac. R. Co.*, 137 Fed. 869, wherein it is said:

"It is urged, however, that the ordinance is void because it was not only a vacation, but a vacation and grant, or sale. We concur in the conclusion, reached by the circuit court, that the provision, 'There shall be and is hereby granted,' etc., 'to the railroad company that portion of the street vacated for depot purposes,' found in the ordinance, did not render the ordinance void. *Whitsett v. Union Depot Co.*, 10 Colo. 243, 15 Pac. 339. In that case, the court said: 'A municipal corporation is not warranted by law in exercising its power to vacate streets in an arbitrary manner and without regard to the interest and convenience of the public or of individual rights; but when the power to vacate exists, and has been exercised with due regard to the interest both of the public and of private rights, the fact that the vacating ordinance provides for the use which is to be made of the street, or portion thereof vacated, does not aid a property holder who seeks to annul the ordinance on the ground that he is interested in keeping the street open. The object to be accomplished in the present case may fairly be said to be one

of great interest and convenience to the public. The establishment and construction of a union railroad depot for the use of all railroads entering within or centering in the city is a convenience, not only to all residents of the city, but to the public generally. We are, therefore, of opinion that the privileges granted to the Union Depot Company afford no ground for equitable interposition.' "

No facts from which a "confederating or conspiring together" can be presumed are alleged, but it is evidently intended that the fact shall be inferred from the fact that the vacated portions of the street are to be used by the defendants railway companies for depot purposes. It may be enough, as we have already said, to say that the courts will not control the lawful use of property; but if the fact be that it is the intent of the city officers to vacate the street so that a depot may be erected thereon, it would not in itself be a fraud upon the right of any individual, or warrant injunctive relief. Depots and railroad facilities are in a sense semi-public improvements. 1 Am. & Eng. Ency. Law (2d ed.), 227. Practically the same question here presented was before the supreme court of Iowa, in *Spitzer v. Runyan*, 113 Iowa 619, 85 N. W. 782, where it was held that a vacation for the purpose of building a depot was valid, as "inspired by a desire to provide for the safety and convenience of the inhabitants of the city."

We conceive the case of *Knapp, Stout & Co. v. St. Louis*, 156 Mo. 343, 56 S. W. 1102, to be directly in point. There the charge was that the ordinance was passed "without legal warrant or authority of law," and was "a violation by the city of its duty as trustee." It was held that such allegations were mere conclusions of law and not admitted by demurrer. It was further alleged that the council instigated, "by the city's codefendant, a private corporation, passed an ordinance vacating for a distance of one block all that portion of Main or First street south of plaintiff's premises; that the effect of the passage of said ordinance was to give defendant chemical works, the exclusive use of that portion

of the street so vacated; and that the latter company is still exercising such use, and has erected permanent obstructions thereon."

It was held that plaintiff, not being an immediate abutter, could not claim damages, and that although instigated by a private corporation so that it might use the property in the extension of its premises, the act of the council was not such a fraud as will authorize courts to invalidate the ordinance.

As against these authorities, appellants cite the case of *Smith v. McDowell ex rel. Hall,* 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393. The court in that case held that the power of the city to vacate a street was not absolute, to be exercised at the discretion of the municipal authorities. The decision was based upon a construction of a general statute (similar to §§ 7507, 7865, Rem. & Bal. Code) authorizing municipalities "to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks, and public grounds and to vacate the same." With this case we have no quarrel, but it has no bearing on the instant case, for here the legislature has not only given a general power but has by express statute provided for the vacation of streets or any part thereof.

"Any person or body corporate in any city owning an interest in any real estate abutting upon any streets or alley who may desire to vacate such street or alley, or any part thereof may petition the city council of such city or town to make vacation, . . ." Rem. & Bal. Code, § 7840.

"When any street, alley or public way in any incorporated city or town in this state has heretofore been or may hereafter be vacated by the council or legislative body of said city or town, the property within the limits of any such street, alley or public way so vacated shall belong to the abutting property owners, . . ." Rem. & Bal. Code, § 7842.

We have reviewed and re-examined our former decisions, and many from other states, and are satisfied that they are

correct in principle and sustained by the great weight of authority.

Judgment affirmed.

DUNBAR, C. J., GOSE, PARKER, and CROW, JJ., concur.