# SOUTHERN RAILWAY COMPANY *v.* TOWN OF FRENCH LICK ET AL.

[No. 7,826. Filed February 14, 1913.]

1. MUNICIPAL CORPORATIONS.—*Streets.*—*Vacation.*—*Procedure.*—To be entitled to the rights and privileges given by §§8910, 8916 Burns 1908, Acts 1907 p. 617, §§3, 9, providing for the vacation of streets, and the method of proceeding, the parties must bring themselves within the provisions of the statute. p. 452.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Vacation.*—*Remonstrance.* —*Time for Filing.*—Under §8910 Burns 1908, Acts 1907 p. 617, §3, providing that notice of the filing and pendency of a petition for the vacation of a street "shall be given as in this act provided," and if no objection within such time be made in writing, the court shall grant the prayer of such petition, construed with §8916 Burns 1908, Acts 1907 p. 617, §9, providing for the giving of such notice by publication for ten days by two successive weekly publications which shall state the time and place when

and where the petition shall be heard, where the notice was first published on November 29, and stated that the hearing would be had on December 10, a remonstrance filed on December 10 was filed in time. p. 452.

3. PLEADING.—*Special Statutory Procedure.*—While, in all special statutory enactments, the procedure prescribed by the statute must be followed, the practice authorized by the civil code may be followed, where it is not inconsistent with the procedure so prescribed. p. 452.

4. MUNICIPAL CORPORATIONS.— *Streets.— Vacation.— Procedure.— Demurrer to Petition.*—Filing a demurrer to a petition for the vacation of a street is a permissible means of objecting to its sufficiency, and is not inconsistent with the provisions of §§8910, 8916 Burns 1908, Acts 1907 p. 617, §§3, 9, providing for the vacation of streets and the method of procedure, since, if the petition is insufficient under the statute, no remonstrance is necessary, and, if it is sufficient, the right to file a remonstrance within the specified time is not thereby lost. p. 453.

5. PLEADING.—*Demurrer.—Questions Raised.—Defect of Parties.*—Under the code, a demurrer for want of facts presents no question concerning a defect of parties plaintiff or defendant. p. 453.

6. MUNICIPAL CORPORATIONS.—*Streets.—Vacation.—Petition.—Sufficiency.*—A petition for the vacation of a street, alleging that the petitioner is the owner of all the ground on both sides of that part of the street to be vacated, and that other streets particularly described "afford proper ingress and egress to the citizens of said town and the residents of said street," sufficiently complies with the requirement of §8910 Burns 1908, Acts 1907 p. 617, §3, requiring such petition to state the names of the persons "particularly interested" in the vacation of the street "who shall be affected thereby". pp. 453, 454.

7. WORDS AND PHRASES.—*"Proper."*—The word "proper" is a usual word in pleadings to show ordinary and sufficient means of ingress to and egress from property. p. 454.

8. PLEADING.—*Statement of Cause of Action.—Requisites.—Construction.*—A pleading is required to state facts constituting the cause of action in plain and concise language, in such manner as to enable a person of common understanding to know what is intended, and, in construing the same, the words used will be taken in their plain, ordinary and usual meaning, unless they have some peculiar and technical significance. p. 454.

9. PLEADING.—*Demurrer.—Admissions.*—For the purposes of a demurrer to a pleading, the facts alleged are to be taken as true. p. 454.

10. MUNICIPAL CORPORATIONS.—*Streets.—Vacation.—Persons Entitled to Object.—Statutes.*—While §§8910, 8916 Burns 1908, Acts

1907 p. 617, §§3, 9, providing for the vacation of streets and the method of procedure, do not limit the right to object to the vacation of a street to those persons who own property abutting on that part of the street to be vacated, persons, who have sufficient or "specially suited" means of ingress or egress, have no more than a general interest common to all the citizens, and are not required to be named in the petition. p. 455.

11. MUNICIPAL CORPORATIONS. — *Streets.* — *Vacation.* — *Damages.* — A person claiming damages by reason of the vacation or obstruction of a street must show that he has suffered, or will suffer, an injury different in kind, and not simply in degree, from that suffered by the community in general. p. 456.

12. COURTS.—*Appellate Court.*—*Jurisdiction.*—*Constitutional Questions.*—Where appellant's petition for the vacation of a street proceeds on the theory that appellant is the only one having any special interest in that part of the street to be vacated, the Appellate Court has jurisdiction, since a decision does not involve the question of the taking of property without compensation, in which any one is specially interested, and no constitutional question is presented. p. 456.

13. APPEAL.—*Review.*—*Scope.*—On reversing a judgment and ordering further proceedings, the court will not anticipate and decide questions not presented by the record, and which may never arise. p. 456.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Petition by the Southern Railway Company to vacate a street in the town of French Lick, and contested by the town and certain citizens. From an adverse judgment, the petitioner appeals. *Reversed.*

*John D. Welman* and *Perry McCart,* for appellant.

*B. Harvey, H. A. Carnes* and *Talbott & Roland,* for appellees.

FELT, P. J.—This proceeding was instituted by appellant by the filing of an *ex parte* petition in the Orange Circuit Court to vacate a portion of a street in the town of French Lick.

Appellant has separately assigned error in the overruling of each separate and several objection made by it to the filing of a number of several and separate demurrers to its

petition, and the same as to the filing of each of several separate remonstrances. Also that the court erred in sustaining the separate demurrer of appellee, Flick, and others to its petition, and the same as to the separate demurrer of the town of French Lick.

The petition filed by appellant, after formal averments, alleges, in substance, that it is the owner of a railroad track and right of way in the town of French Lick, Orange county, Indiana, which right of way intersects a street or alley in Belview addition to said town, which street appellant asks to be vacated for a distance of 200 feet; that the petitioner owns all the lots on both sides of that portion of said street sought to be vacated; that at the intersection of said street or alley and said right of way there are five railroad tracks which form the terminus and southern end of petitioner's yards; that said tracks will be in almost constant use for the switching and running of engines and cars; that said tracks are 6 or 8 feet below the level of said street; that if said street is not vacated its use by the public will be very dangerous. It is then averred "that the main street of said Belview addition is one block south and parallel to said street or alley about two hundred feet therefrom. That said main street is about sixty feet in width and extends parallel to said street or alley its entire length, and that the cross streets running north from said main street to said street or alley afford proper ingress or egress to the citizens of said town and the residents of said street or alley."

Appellant indorsed on the petition that the same was set for hearing on December 10, 1910, and gave notice by publication of the pendency of said petition, and stated therein that "this petition is filed for hearing on the 10th day of December, 1907."

Section 8910 Burns 1908, Acts 1907 p. 617, §3, provides: "Whenever any person or persons interested therein, or the owner or owners of any lot or lots * * * in any incorporated city or town * * * shall desire to vacate any

street, alley or public ground therein or any part thereof adjoining such lot or lots or part or parts thereof, such person or persons shall file with the circuit court in the county in which such lands, or some part thereof, are situate, his, their or its petition setting forth the particular circumstances of the case, giving a distinct description of the property sought to be vacated and the names of the persons particularly interested therein and who shall be affected thereby, and notice of the filing and pendency of said petition shall be given as in this act provided. If no objection within such time be made in writing by any party interested the court shall grant the prayer of said petition. If objection thereto be made the court shall set the same down for trial and hearing by the court, and if, in its opinion, justice shall require it the court shall grant the prayer of said petition in whole or in part. No vacation of any street, alley or other public ground or part thereof shall take place over the objection of any person or persons owning the property immediately adjoining the part of such street or alley sought to be vacated until the damages, if any, of such objecting parties, by such vacation, be first assessed by the court and paid to the clerk thereof for their use and benefit by the petitioner or petitioners for such vacation.''

Section 8916 Burns 1908, Acts 1907 p. 617, §9, provides: ''Whenever notice is required to be given for any purpose by any of the provisions of this act, notice [shall be given] by publication for ten days by two successive weekly publications in some newspaper * * * of general circulation, published in the city or town affected by any such proceeding, * * *. Said petition shall set forth the substance of the matter and things in issue, and shall designate the property affected by the proceedings without setting forth the names of the persons affected, but shall be addressed to the city or town and the citizens thereof and shall state the time and place when and where and by whom the things in issue shall be heard and determined.''

The first publication was made on November 29, 1907, and the second on December 6, 1907. Appellees filed remonstrances, in accordance with the statute (§8911 Burns 1908, Acts 1907 p. 617, §4), on December 10, 1907. Appellant contends that the ten days' notice expired on December 9, and that the remonstrances filed on December 10 cannot be considered, because filed too late, notwithstanding the indorsement on the petition and the notice designated December 10 as the date for appearance and the hearing on the petition.

1. This is a special statutory proceeding, and parties must bring themselves within the provisions of the statute to be entitled to the rights and privileges given thereby. *City of Peru* v. *Cox* (1909), 173 Ind. 241, 243, 90 N. E. 7.

2. To determine whether the remonstrances filed on December 10 were filed after the time allowed by the statute, we must construe §§8910, 8916, *supra,* together. The former section provides that "notice of the filing and pendency of said petition shall be given as in this act provided." The latter section provides for the giving of a notice "by publication for ten days by two successive weekly publications," which "shall state the time and place when and where" the petition shall be heard. Construing these two provisions together, a remonstrance filed on December 10, the date stated in the notice, was within the time specified by §8910, *supra.* The case of *City of Peru* v. *Cox, supra,* decides nothing contrary to this conclusion, but incidentally recognizes the proposition that a remonstrance filed on the day named in the notice is in compliance with the statute.

3. Appellant insists that as this is a special statutory proceeding, the filing of a demurrer was not permissible practice. In all special statutory enactments the procedure prescribed by the statute must be followed,

but when not inconsistent with the procedure so prescribed, the practice authorized by our civil code may be followed. *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24, 5 N. E. 768; *Weakley* v. *Wolf* (1897), 148 Ind. 208, 220, 47 N. E. 466; *In re Griffin* (1904), 33 Ind. App. 153, 69 N. E. 192.

The testing of the sufficiency of the petition by demurrer is not inconsistent with or contrary to the statute providing that "if no objection within such time be made in writing by any party interested therein, the court

4. shall grant the prayer of said petition," nor with the provisions authorizing the filing of a remonstrance for certain specified reasons. The statute contemplates objections, and provides for remonstrances. The filing of a demurrer is a permissible means of objecting to the sufficiency of the petition. If insufficient, there is no necessity for remonstrating. If the petition be sufficient under the statute, a party interested may still file a remonstrance within the specified time. We therefore conclude that the court did not err in overruling the objections to the filing of the demurrers and remonstrances, nor in overruling the motions to strike out the several demurrers and remonstrances. The demurrers in this case were for insufficiency of the facts alleged to state a cause of action.

5. Under the code a demurrer for want of facts presents no question concerning a defect of parties plaintiff or defendant. *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 117, 66 N. E. 448.

6. But this is a special statutory proceeding, and the petitioner must aver facts sufficient to bring himself within the provisions of the statute. To comply with this rule the names of the parties "particularly interested" must be stated in the petition, the same as any other facts required by the statute.

The principal objection urged against appellant's petition

is that it fails to state the names of persons "particularly interested" in the vacation of the street "who shall be affected thereby." The petition shows that appellant owns all the ground on both sides of that portion of the street sought to be vacated, and that the other streets particularly described "afford proper ingress and egress to the citizens of said town and the residents of said street or alley."

The word "proper" is a usual word to use in a pleading to show ordinary and sufficient means of ingress to and egress from property. Webster defines the word as meaning "suitable in all respects—appropriate—right." March's Thesaurus Dictionary of the English language (1910 ed.) gives as its meaning or synonym, "specially suited."

A pleading is required to state facts constituting the cause of action, in plain and concise language, in such manner as to enable a person of common understanding to know what is intended. Words are to be taken in their plain, ordinary and usual meaning, unless they have some peculiar and technical significance.

Viewed in this light, appellant's petition gives the name of the owner of all the property abutting on that part of the street proposed to be vacated, and shows that the citizens of the town and all the residents of said street have ingress and egress suitable in all respects, appropriate and right, or "specially suited" to their needs, without that portion of the street asked to be vacated. For the purposes of the demurrer, these facts are taken as true, and when so considered the petition names those particularly interested and affected by the proposed vacation as required by the statute. This view of the pleading is more liberal to appellee than the construction placed on a somewhat similar, though more definite statute as to those who may object (§§3647-3650 Burns 1901, §§3184-3187 R. S. 1881), under which it was held that a

person competent to object to the vacation of the street, as a property owner, must be the owner of property abutting immediately on that part of the street to be vacated. *House* v. *City of Greensburg* (1884), 93 Ind. 533, 536; *Hall* v. *City of Lebanon* (1903), 31 Ind. App. 265, 268, 67 N. E. 703.

The statute under which this proceeding is maintained does not expressly limit property owners who may object to the vacation of a street to those owning property abutting on that part of the street to be vacated, and it is apparent that no such limitation can reasonably be made. Persons owning property abutting on the street may be, and in many instances are, particularly interested and affected by the vacation of a portion of the street other than that part on which their property abuts. *O'Brien* v. *Central Iron, etc., Co.* (1902), 158 Ind. 218, 221, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. 305. But persons who have sufficient or "specially suited" means of ingress and egress, as alleged in appellant's petition, do not have more than a general interest common to the citizens of the particular vicinity, city or town. For these reasons we conclude that the court erred in sustaining the several demurrers to appellant's petition. With this error corrected there will be before the trial court a sufficient petition, and remonstrances filed within the time specified by the statute.

Appellees have suggested that the questions presented by this appeal involve a constitutional question, on the ground that the statute authorizes the taking of property in which persons, other than the abutting property owners of the part of the street to be vacated, have a special interest, which is to be taken without compensation.

The decisions in this State establish the proposition that the owner of property claiming damage by reason of the vacation or obstruction of a street must show that he has

suffered, or will suffer, an injury different in kind and not simply in degree, from that suffered by the community in general. *Dantzer* v. *Indianapolis Union R. Co.* (1895), 141 Ind. 604, 610, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. 343; *O'Brien* v. *Central Iron, etc., Co. supra; Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 104, 47 N. E. 332; *Strunk* v. *Pritchett* (1901), 27 Ind. App. 582, 586, 61 N. E. 973.

The petition proceeds on the theory that no person other than appellant has any special interest in that part of the street to be vacated, and that all other property owners have only such interest as belongs to the general public of that vicinity.

Our decision does not therefore involve the question of the taking of property without compensation, in which any one is specially interested. No constitutional question is therefore duly raised and presented by this appeal. We are not called on to decide any question relating to the remonstrance, except the time for filing and presenting the same. However, the second ground of remonstrance is that the proposed vacation will leave the real estate of the remonstrants without means of ingress to or egress from a public way or street, and the third is that it will cut off the public's access to some church, school or other public buildings or grounds.

As the case must be reversed for the reasons already shown, the questions raised by the remonstrance can be tried and determined on the evidence. If the remonstrance is sustained, the street cannot be vacated. If the proof sustains the petition and fails to sustain the remonstrance, the court will proceed in accordance with the statute, but we cannot now anticipate and decide questions not presented by the record and which may never arise.

For reasons already stated, the judgment is reversed, with instructions to the lower court to overrule the demurrers to

appellant's petition and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 100 N. E. 762. See. also, under (1, 6, 10) 28 Cyc. 840; (3) 31 Cyc. 92; (7) 32 Cyc. 637; (8) 31 Cyc. 86; (9) 31 Cyc. 333; (12) 11 Cyc. 818; (13) 3 Cyc. 223. As to the exercise by a city of the power to vacate streets, see 46 Am. St. 494. As to the persons entitled to compensation for the vacation of a street, see 15 Ann. Cas. 687.