St. Louis, Iron Mountain & Southern Railway Co.
v. Taylor.

## Opinion delivered June 25, 1917.

1. Obstruction of roads—remedy—injunction.—A property owner by injunction may prevent the obstruction of a road giving ingress and egress to his property, where, by reason of such obstruction, he suffers a damage in addition to that suffered by the public generally.

2. Injunction—injury to property of individual—obstruction of highway.—One who suffers a peculiar injury in his property rights, in addition to those suffered by the public at large may prevent, by injunction, the obstruction of a highway.

Appeal from Boone Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Troy Pace* and *W. G. Riddick,* for appellant.

1. It was not established that this was a public road. It had never been worked by overseers or public authorities. Its use by the public was very light; only occasional travelers used it; it was not a public road by prescription. 83 Ark. 236, 240. It was a mere trail through the forest.

2. There was nothing to show that the crossing over the track in place of the one under the bridge did not comply with the law. The finding is, therefore, against the testimony.

3. The act had been repealed. Act 36, Acts 1905, was repealed by Act 89, Acts 1913, p. 328. The construction of the crossing, on the track across the highway was not a public nuisance, or nuisance *per se.* 92 Ark. 546. The remedy was by suit at law for damages, and the chancery court had no jurisdiction.

4. A private individual can not maintain injunction for nuisance; the remedy is by indictment or other proceeding at law for the common good. 40 Ark. 83; 89 *Id.* 175.

*J. M. Shinn,* for appellee.

1. The road was used openly, continuously and adversely for more than seven years under a claim of right,

and not permissively. 105 Ark. 460; 102 *Id.* 553; 83 *Id.* 370; 79 *Id.* 5; 50 *Id.* 53; 47 *Id.* 431; 112 *Id.* 341.

2. The findings of fact by the chancellor will not be disturbed unless clearly against the preponderance of the evidence. 112 Ark. 341; 105 *Id.* 460.

3. The crossing over the track is shown not to comply with the law as to grade. The act of the Legislature had not been repealed. The chancery court had jurisdiction; the damages were irreparable. The public was damaged and appellee suffered special damages in addition to what the public suffered.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of Boone county to enjoin appellant from obstructing a public road, over which the railroad passed, and which is alleged to be the only means of ingress and egress to and from appellee's farm. It is alleged in the complaint that appellee owned a farm a short distance from the railroad, and that the only way to reach it was along a public road acquired by prescription, over which appellant's railroad passed at bridge No. 152, and that appellant was about to fill in the bridge and stop the passway along the public road without leaving any convenient route of travel for persons accustomed to use the road. It is also alleged in the complaint that the road is the only outlet from appellee's farm and that irreparable injury will be inflicted to the farm by reason of its accessibility being impaired, and appellant, in its answer, denied that there was a public road along the way; denied that injury would be inflicted to appellee's lands by reason of the stopping up of the roadway under the bridge, and also pleaded that a grade crossing had been established conveniently near bridge No. 152 sufficient to accommodate persons traveling along that way.

There is conflict in the testimony on the issues of fact presented, but we are of the opinion that the findings of the chancellor on that issue are not against the preponderance of the evidence. It is shown that the road in question has been in use more than seven years, and the

proof is sufficient to justify a finding of acquisition by the public of the right to travel over the road. The proof also is sufficient to show that appellee has no other outlet reasonably convenient to travel from his farm, and that substantial damages would be inflicted if this road is shut up. The proof also is sufficient to show that the grade crossing established at bridge No. 152 is not serviceable by reason of the fact that it is too steep. The occupancy of a street or other highway by a railroad is not a nuisance *per se. Lonoke* v. *Chicago, R. I. & P. Ry. Co.,* 92 Ark. 546. Such occupancy may become a nuisance by reason of obstruction of the highway to the exclusion of its use by the public.

One who suffers a peculiar injury in his property rights in addition to those suffered by the public at large may prevent, by injunction, the obstruction of a public highway. *Texarkana* v. *Leach,* 66 Ark. 40.

It is insisted by counsel for appellant that, while the proof may be sufficient to establish the fact that the grade crossing was too steep for convenience of the travelers, it does not show that the statute regulating such crossings has not been complied with. The answer to that contention is that appellant pleaded compliance with the terms of the statute with respect to grade crossings as an excuse for obstructing the road under the bridge, and thereby assumed the burden of proving that a statutory grade crossing had been established. It is urged, too, that the statute referred to has been amended so as to fix a different grade from that set forth in the pleadings, but the answer to that contention is that the chancellor did not specify any particular grade, but rendered an alternative decree requiring appellant either to refrain from obstructing the road under the bridge, or to comply with the statute of the State by constructing a grade crossing. All that appellant has to do to satisfy the terms of the decree is to show that it has complied with the law in regard to grade crossings.

It is further insisted that appellee's remedy, if any, is to recover damages in an action at law or by indict-

ment for the illegal infraction of the penal statute, but we think that the equitable remedy exists where it is shown that the party seeking relief will suffer substantial damages in addition to that which the general public will sustain. The injury in that way is irreparable within the meaning of the rule restricting equitable remedies.

Decree affirmed.

HUMPHREYS, J., disqualified.