[No. 8560. Department One. March 25, 1910.]

## H. SWEENEY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—SPECIAL INJURY—ABUTTING OWNERS—INSTRUCTIONS. An abutting property owner upon an alley, which he uses for access to his property, suffers a special damage by its obstruction which differs in kind from that suffered by the general public; and it is error to instruct the jury that he cannot recover if his damages were of the same character and kind as those sustained by owners of other property on the alley, and the general public.

SAME. Such an instruction is not cured by recalling the jury and expressly refusing to change it, but adding that what was meant was that plaintiff could not recover if he suffered only the damages of inconvenience suffered by the general public.

Appeal from a judgment of the superior court for King county, Gay, J., entered December 2, 1909, upon the verdict

[1]Reported in 107 Pac. 843.

of a jury rendered in favor of the defendant, in an action for damages for obstructing an alley.    Reversed.

*Charles E. Congleton* (*Milo A. Root*, of counsel), for appellant.

*Scott Calhoun* and *Bruce C. Shorts*, for respondent.

FULLERTON, J.—In the summer and fall of 1908 the appellant was engaged in the plumbing, heating and steam-fitting business in the city of Seattle, having his place of business in a certain storeroom and basement room underneath the storeroom which he held under a lease from the owner.    The storeroom faced on one of the principal streets of the city and was used by appellant for the purpose of displaying his goods, and for office purposes; the basement opened into an alley at the rear of the building and was used as a place for storing goods.    The alley ran north and south through the block, was sixteen feet wide, and opened onto streets at each end, furnishing an easy means of approach to the basement door for teams hauling supplies to and from the appellant's place of business.    In the fall of 1908 the city of Seattle began the work of grading the street at the north end of the alley, and in the prosecution thereof caused a fill to be made at the mouth of the alley which shut off access to it for a time from that end.    The appellant thereafter brought this action against the city, alleging that by blocking the end of the alley the city had made it impossible for him to use the alley in the pursuit of his business, thereby compelling him to vacate the leased premises, procure a new site, and erect new buildings at a great expense.    The city took issue on the allegations of the complaint, and a trial was had before a jury, during the progress of which the court gave to the jury the following instruction:

"You are further instructed that if you find the damages sustained by the defendant were of the same character and kind as those sustained by the owners of other property on

the alley and the public generally, you must find for the defendant, and I further instruct you that the fact that the plaintiff used the alley more often than most others makes a difference only in a degree and not in the character of the damage."

After the jury retired an exception was taken to the instructions, whereupon the court recalled the jury and reread the instruction, making the following comment:

"Now, gentlemen, I am not going to change one single word of that instruction in order even to emphasize it to you, but what that was meant to say was: If you believe that the damages that the plaintiff suffered were the general damages of inconvenience such as the public in general suffered, then he cannot recover."

The jury thereafter returned a verdict for the city, on which judgment in its favor was entered. The appellant prosecuted this appeal therefrom, assigning as error the giving of the instruction above quoted.

Manifestly the instruction is erroneous. While a property holder in order to recover damages for the obstruction or vacation of a public highway must suffer a special damage therefrom different in kind from that suffered by the general public, it is not the rule that he must suffer a damage peculiar to himself alone. Many persons may suffer a damage for one such single act, yet the damage be special to each of them. For example, many persons may own property abutting upon a street which furnishes the only means of access to their property. Clearly, if the street should be obstructed or vacated, each of such persons whose access to his property should be prevented thereby would suffer a special damage different in kind from the general public whose only right in the street was the right to use it as a public way. So in this case, the appellant's right to recover for the losses the obstruction to the alley caused him is not barred because others to whose property the alley furnished the only convenient means of access may have suffered a

like loss. Instead of the fact operating as a denial of the right of any such injured person to recover for the injury suffered, every such person may recover for the obstruction, as their damages differ in kind from that suffered by the general public. *Sholin v. Skamania Boom Co.*, 56 Wash. 303, 105 Pac. 632; *Lund v. Idaho & Wash. N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916; *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797; *Heller v. Atchison etc. R. Co.*, 28 Kan. 625.

It is suggested, however, that the error in the instruction was cured by the explanation made by the court at the time the jury were recalled, but it will be noticed that the court did not change its definition of general and special damages; it only emphasized the fact that the jury must find that the damages suffered by the appellant differed in kind from that suffered by the general public before he could recover, leaving its definition of those terms unchanged. The jury must obtain its knowledge of the law of the case from the charge of the court. If this be erroneous, then the verdict must be erroneous also, since it is founded on erroneous principles of law.

The judgment is reversed and a new trial granted.

Rudkin, C. J., Chadwick, and Gose, JJ., concur.