[No. 9158. Department One. February 17, 1911.]

*In re* FIFTH AVENUE AND FIFTH AVENUE SOUTH, SEATTLE. W. L. O'CONNELL *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

EMINENT DOMAIN—IMPROVEMENTS—DAMAGES—CHANGE OF GRADE —PERSONS INJURED. Injury inflicted upon property in the neighborhood of a street by a regrade and diverting of travel is *damnum absque injuria*, where the property does not abut on the regraded street, and is not within Const., art. 1, § 16, prohibiting the damaging of property without just compensation; since the injury differs not in kind but only in degree from that suffered by the public generally.

COURTS—STARE DECISIS—CONSTITUTION—CONSTRUCTION. The rule of *stare decisis* is peculiarly applicable to constructions of the constitution, which should not be changed except for the most cogent reasons.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 19, 1910, upon the verdict of a jury of no damages, in an action to condemn property for

[1]Reported in 113 Pac. 762.

the purpose of changing and establishing the grades of streets.    Affirmed.

*F. C. Reagan,* for appellants.
*Scott Calhoun* and *Bruce C. Shorts,* for respondent.

Gose, J.—This action was brought by the city of Seattle to take and damage private property, for the purpose of changing and reestablishing the grade of Fifth avenue and Fifth avenue south from Madison street to Jackson street. Yesler way runs east and west, Fifth avenue runs south-easterly, and Fifth avenue south runs north and south.    The appellants are the owners of an improved tract of land having a frontage of thirty feet on the south side of Yesler way and a depth of sixty feet.    The property is one hundred and thirty-six feet west of the west line of Fifth avenue south, extends along the west side of an alley which is sixteen feet in width and midway between Fourth avenue and Fifth avenue south, and extends south from Yesler way to Washington street.    The proposed regrade will lower the present grade of Fifth avenue south at Yesler way about nineteen feet at the southwest point of intersection, and about twenty-four feet at the north line of intersection.    The present grade on Yesler way will be retained by means of a viaduct or bridge across Fifth avenue south.    The approaches from Fifth avenue south to Yesler way under the regrade will be by means of steps, some thirty-four in number.    Fourth avenue lies immediately west of, and parallel with, Fifth avenue and Fifth avenue south.    There is an ascending grade of nine per cent from Fourth avenue to Fifth avenue south.    Terrace street is the first street north of Yesler way.    It runs at an angle, and intersects Yesler way at Fourth avenue.    Fourth avenue has been regraded, and there is a bridge or viaduct across it so as to connect Terrace street and Yesler way.    A flight of steps, similar to that projected at Fifth avenue, leads from Fourth avenue to Yesler way.    The appended map will disclose the

relation of the appellants' property to the improvement and to the adjacent property:

The appellants offered testimony tending to show that the regrade and viaduct will damage their property from five to ten thousand dollars, and that twenty to twenty-five per cent of the people who travel Yesler way in front of their property come from Fifth avenue and Fifth avenue south. The respondent's testimony tends to show that, without considering any benefit that will accrue from the improvement, no damages will result to the appellants' property. The court instructed the jury that:

"Every owner of property bordering upon the street has a right of access, light and air therefrom, which right is an appurtenant to the land, and any physical impairment of that right is regarded as actionable. Such an injury is one peculiar to the landowner and not shared in kind by others. Where the injury complained of is an obstruction or an excavation, and not adjacent to the land of the person in question but to a street in the neighborhood which he uses or might use in common with the public in general, he has no right of action as an owner of injured property. That he might use the street more often than most of all others makes a difference only in degree and not in character, and does not entitle him to damages by reason of his property."

The jury then inquired what was meant by the word "adjacent;" whether it meant to abut upon the street; to which the court replied that it should border upon the street. The jury found that the appellants' property is not damaged, and the judgment makes the verdict in this respect effective. The correctness of the instruction is challenged by the appeal.

The appellants earnestly insist that the instruction is violative of art. 1 § 16, of the constitution, which provides:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner."

At common law, where the work of regrading the street was done with the usual care and skill, there was no liability for consequential damages. The injury inflicted in such cases was, in legal terminology, *damnum absque injuria*. The de-

nial of the right of the property owner to recover conse-
quential damages was put upon the ground that his right must
yield to the promotion of the public interest. *Reardon v.
San Francisco*, 66 Cal. 492, 6 Pac. 317, 56 Am. St. 109.
The remedy has been extended by our constitution, as we
have interpreted its meaning, so as to give an owner of prop-
erty abutting upon the part of the street excavated or ob-
structed, or one who has sustained an injury differing in kind
from that suffered by the public generally, the right to re-
cover consequential damages. In *Smith v. St. Paul Minn. &
M. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889, the
plaintiffs owned two lots fronting upon Bridge avenue, a
public street sixty feet in width. The lots extended northerly
one hundred and seventeen feet along the line of Cannon street,
which was also sixty feet in width. The railway company had
constructed and was operating a railway line which passed in
front of the plaintiffs' property for a distance of a quarter
of a mile to the east, for half a mile to the west, and paralleled
Bridge avenue at a distance of sixty-three and one-half feet
from its south line. In front of the plaintiffs' property and
for some distance on both sides, there was a cut of some twelve
feet in depth in which the railway track was laid. The nearest
rail was one hundred and twenty-three and one-half feet dis-
tant from the nearest point of plaintiffs' property. Some of
the cuts on the cross-streets were covered with wooden bridges,
whilst others were left uncovered. The plaintiffs claimed that
these cuts made their property less accessible, and claimed
damages therefor. In denying their claim for damages in this
behalf, the court said:

"It is urged that the excavations made through the cross-
streets in respondents' neighborhood constituted an injury
for which they are entitled to damages. We think not. If
the railroad was constructed in the public street adjacent to
respondents' lots, they would be entitled to recover whatever
damages were occasioned thereby. This is upon the theory
that every owner of property bordering upon the street has
a right to access, light, and air therefrom, which right is an

appurtenant to the land, and any physical impairment of that right is regarded as actionable. Such an injury is one peculiar to the land owner, and not shared in kind by others. But where the injury complained of is an obstruction, not adjacent to the land of the person in question, but to a street in the neighborhood which he uses, or might use, in common with the public in general, he has no right of action as an owner of injured property. That he may use the street more often than most or all others, makes a difference only in degree and not in character, and does not entitle him to damages by reason of injury to his property."

From the facts stated it is obvious that the court used the words "bordering" and "adjacent" as synonymous terms. In *Ponischil v. Hoquiam Sash & Door Co.*, 41 Wash. 303, 83 Pac. 316, the western half of a cross-street between two blocks was vacated, forming a cul-de-sac. The owner of the most easterly lot on the south side of the street sought to recover damages. It was held that, not being an abutting owner, he suffered no damage differing in kind from that sustained by the general public, and that a difference in degree only would not support a recovery. The same doctrine was announced in *Mottman v. Olympia*, 45 Wash. 361, 88 Pac. 579. In that case the city had vacated a street for a distance of one block. The plaintiff's property abutted upon the street. There was a cross-street between his property and the vacated portion of the street upon which his property abutted. The court, in denying relief, said:

"For the only practical effect that it has on appellants' egress and ingress is the deflection one block either east or west of the travel coming from the residence portion between Washington street and Franklin street, and that is too slight a consideration, we think, to be controlling in a case of this kind. It will be remembered that the appellants' property does not abut on the street vacated."

The appellants have cited *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Fletcher v. Seattle*, 43 Wash. 627, 86 Pac. 1046, 88 Pac. 843; *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155; *Sholin v. Skamania Boom Co.*,

56 Wash. 303, 105 Pac. 632; and *Sweeney v. Seattle*, 57 Wash. 678, 107 Pac. 843. The *Brown, Fletcher, Brazell* and *Sweeney* cases have reference to property abutting upon the improvement. *Lund v. Idaho & Washington N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916, presents a like question. The *Sholin* case arose out of a tort in the nature of an obstruction of a public highway, resulting from the negligent destruction of a bridge which was built across Wind river and formed a necessary part of the highway. It cannot be doubted that actions prosecuted for the unlawful obstruction of a highway are controlled by principles of law radically different from those obtaining where an improvement of a street or highway is being prosecuted by civil authority in a lawful way.

If the question were *res nova* in this court, the writer would strongly incline to the view announced in Nebraska and Illinois, in *City of Omaha v. Kramer*, 25 Neb. 489, 41 N. W. 295, 13 Am. St. 504, and *Rigney v. Chicago*, 102 Ill. 64, viz., that if the property is diminished in actual value by reason of a public improvement, without considering any benefits resulting from the improvement, it is to the extent of the diminution taken or damaged for a public use, and that a trespass or an actual physical invasion of the property is not an essential prerequisite to a right of recovery; or, stated in another form, that the right of recovery should not be limited to cases of an actual physical contact of the property with the excavation or obstruction, but should be submitted to the jury as a question of fact in all cases where, upon the evidence, the minds of men might reasonably differ as to whether the property was in fact damaged in a degree greater than that suffered by the public generally. It seems to the writer that any arbitrary attempt to limit the right to recover damages to the abutting owner is illogical. It is apparent, however, from the facts stated, that the injury suffered by the appellants differs in degree only, and not in kind, from that sustained by the public generally. If twenty to twenty-five per cent of the travel in front of their property comes from Fifth

avenue, property owners on Yesler way west to the bay may consistently claim that at least a portion of that travel would continue to the end of the way. The difference would be one of degree only. The same principle would apply to the owners of property on Yesler way east of Fifth avenue and Fifth avenue south. The rule of *stare decisis* is peculiarly applicable to the construction of the constitution. The interpretation of that document should not be made dependent upon every change in the personnel of the court. When one of its clauses has been once construed, that construction should not be set aside except for the most cogent reasons. Certainty in the law is of the first importance.

It may be said, in support of the view hitherto adopted, that the right to recover damages in cases of this character is determinable by a uniform rule of law, and is not left open for the varying determination of juries. The appellants' property not abutting upon the improvement, and the injury to their property not differing in kind but in degree only from that sustained by the public generally, there was no question of fact to submit to the jury.

The judgment is affirmed.

Fullerton, Mount, and Parker, JJ., concur.