[No. 9048. ' Department Two.  March 23, 1911.]

G. S. CLUTE *et al.*, *Respondents*, v. NORTH YAKIMA & VALLEY RAILWAY COMPANY, *Appellant.*[1]

EMINENT DOMAIN—COMPENSATION—DAMAGES FROM RAILROAD IN VICINITY.  Const. art. 1, § 16, providing that no private property shall be taken or damaged until just compensation has been made, does not entitle an owner of property to damages by reason of the construction of a railroad, where his property does not abut on the right of way, and his damage therefrom, or by the use of streets in the vicinity, is only such as the public in general suffers therefrom.

Appeal from a judgment of the superior court for Yakima county, Kauffman, J., entered June 6, 1910, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to enjoin the construction of a railroad. Reversed.

*Englehart & Rigg*, for appellant.

*Snyder & Hatfield*, for respondents.

MORRIS, J.—On May 6, 1909, the parties hereto entered into an agreement, whereby respondents sold to appellant lot 3, block 15, town of Zillah, for $2,600, for railway purposes. As a part of this consideration the appellant agreed to convey to respondents lot 12, block 22, town of Zillah, and to pay the balance within sixty days, the respondents within the same time to remove the building from lot 3, which they occupied as a general merchandise store. The appellant thereafter conveyed lot 12, and paid the balance of the consideration to respondents, and respondents gave the company a deed to lot 3, and moved the store building to lot 12. The appellant commenced the construction of its road along its contemplated

[1]Reported in 114 Pac. 513.

line across Yakima avenue, blocks 15 and 16, as shown on the
following diagram:

And while so engaged and before any operation or use of the
same, appellant commenced this action to enjoin such con-
struction or operation. The only reference that need be made
to the complaint is to say it was brought upon the theory
that the construction and operation of the road would cause

respondents damage in various suggested ways; the admitted purpose of the action being to compel the company to institute condemnation proceedings, in which such damage might be ascertained and paid before it could further proceed in the building of the road. The court below granted the relief prayed for, and the company appeals.

The only question raised on the appeal being the necessity of condemnation proceedings under the situation here shown, it will not be necessary to refer to the evidence touching respondents' claim of damage, since the case must stand or fall upon the right to compel the railway company to condemn. It will be noted that lot 12, block 22, the present location of respondents' store, is not abutting upon the right of way of the railway company, and that the railway is being constructed upon land purchased by it for railway purposes, except where it crosses Yakima avenue, which latter right it exercises under authority from the railway commission and county commissioners, Zillah being an unincorporated village. Respondents' property is not, therefore, affected by any physical contact with the railway, nor is any street, so far as the same borders or abuts upon their premises, in any way interfered with. Art. 1, § 16, of the constitution, provides that:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner."

In order to come within the provisions of this section, private property must be taken or damaged before there arises a necessity for condemnation. The damage must be to the property itself or its appurtenances, or it must affect some right or interest which the owner enjoys in connection with his property, and which is not shared with, or enjoyed by, the public generally. While respondents' property may be rendered less valuable by reason of the close proximity of the railway, such lessened valuation cannot bring them within the constitutional provision until it further appears that some

special private property right other or different from the right or interest of the general public has been damaged for public use. The only damage here sought to be enjoined is such damage as the public would generally suffer in the use of Yakima avenue by reason of smoke, dust, noises, etc., caused by the construction and operation of the railway in its immediate vicinity. Such a damage is not the taking or damage of private property for public use as intended by the constitution. This same reasoning has been employed by this court in other cases in which it has been held that only the abutting property need be condemned. *Smith v. St. Paul M. & M. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889; *In re Fifth Avenue etc.*, ante p. 218, 113 Pac. 762. This latter case, having been so recently decided and reviewing the cases from this court relied upon by respondents as announcing a departure from the *Smith* case, we feel it unnecessary to further extend this opinion. The cited cases are authoritative upon the principle here involved and must control.

The judgment is reversed, and the cause remanded with instructions to dismiss.

CROW and CHADWICK, JJ., concur.