[No. 9666. Department Two. January 23, 1912.]

JAMES F. MURPHY et al., Appellants, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY et al., Respondents.[1]

APPEAL—REVIEW—HARMLESS ERROR — INSTRUCTIONS. Technically erroneous expressions in a charge to a jury are harmless, where the instructions as a whole fairly state the law.

EMINENT DOMAIN—DAMAGES—EVIDENCE — REBUTTAL EVIDENCE AS TO VALUES—ADMISSIBILITY. In an action for damages to lots by the construction of a railway trestle in the street, where evidence was admitted to show diminished value for the use to which the property was adapted, evidence is admissible in rebuttal to show that such value would be increased rather than diminished, where announcement was made that it was not introduced for the purpose of offsetting benefits against damage.

EMINENT DOMAIN — DAMAGES TO PROPERTY — TRESTLE IN STREET. Where a railway trestle crossed a street diagonally, and did not touch the street in front of one of the lots of the plaintiff, damages to such lot cannot be recovered.

TRIAL—VIEW BY JURY—INSTRUCTIONS. Upon a view of premises, it is not error to instruct that the jury knows absolutely what they see, and are to use their senses, and need not believe the testimony of witnesses if they testified to anything which the jury knows to be false.

TRIAL — INSTRUCTIONS — REQUESTS. Error cannot be predicated upon the refusal to give an instruction which was dictated to the court stenographer without calling the court's attention to the same at the time, and which was not written, marked refused, and filed

[1]Reported in 120 Pac. 525.

with the clerk as part of the instructions offered by the appellant, in view of statutory requirement that the instructions shall be reduced to writing, and the rules of court requiring proposed instructions to be in writing and filed in the cause and handed to the court.

Appeal by plaintiffs from a judgment of the superior court for Pierce county, Clifford, J., entered January 21, 1911, upon the verdict of a jury rendered in favor of the plaintiffs for damages, in an action for injuries to property. Affirmed.

*Sullivan & Christian*, for appellants.

*H. H. Field, Geo. W. Korte*, and *H. S. Griggs*, for respondents.

Morris, J.—This was an action to recover damages suffered by appellants' property by reason of the construction of a trestle over and across the street upon which the lots abutted. The jury returned a verdict in favor of appellants in the sum of $1,000. Being dissatisfied with the amount, they have appealed, assigning as error the giving of and refusal to give certain instructions, errors in the admission of testimony, and the ruling of the court in withdrawing one of the lots from the consideration of the jury.

The court gave the jury twenty instructions, twelve of which are excepted to as a whole; in addition to which thirty other errors are assigned to separate parts of such instructions, necessitating much labor in reviewing the instructions, and for that reason somewhat delaying the announcement of our decision. For this reason it will be seen that it is impracticable to here make special reference to each of these assignments. They have, however, in each instance been taken up and considered, and while, as in most cases where the court undertakes to instruct the jury at great length, sentences and phrases can be picked out that employ inapt language, and that standing alone might call for a more critical review, we are of the opinion that, upon the whole,

the instructions correctly state the law, and no reversible error can be found in them.

"It is the settled rule of this court that, although detached statements or expressions of the court in its charge to the jury may be technically erroneous, yet if the instructions as a whole fairly state the law, there is no prejudicial error." *Cheichi v. Northern Pac. R. Co., ante* p. 36, 118 Pac. 916.

While this was not a condemnation case, it is analogous to it, since the only question to be determined by the jury was the damage to appellants' land by reason of the extension of the railway across the street upon which the land abutted. The same principles of law in ascertaining and measuring that damage are involved, and the ultimate fact to be determined is the same. In reviewing such cases upon appeal, it has been often said, an appellate court should hesitate before finding sufficient error to disturb the verdict, and such an order will be made only when it clearly appears that the verdict is unjust and unsupported by any competent evidence. *In re Mercer Street,* 55 Wash. 116, 104 Pac. 133. This rule is primarily applicable in cases where the verdict is attacked for failure of supporting evidence, but it nevertheless illustrates the caution observed by appellate courts in reviewing cases where the only question involved is the damage to property taken or damaged for a public use. There was ample evidence to sustain this verdict, and we are not prepared to say that, because of the use of inapt language in giving instructions, the case should be sent back for a second trial.

Upon the argument, counsel for appellants called especial attention to four assignments of error. We take it these four were especially called to our attention because they were considered the most serious. We will therefore make special reference to them. The first is in the admission of testimony. Appellants called witnesses in an effort to prove these lots would be greatly damaged because of the trestle. These witnesses testified fully as to the use the lots were adapted to,

if it were not for the railway, and how that use and its value would be diminished. On cross-examination, and over appellants' objection, counsel for respondent attempted to show that this use and its value would be increased rather than diminished. Testimony of the same character was offered in support of the defense, which was likewise objected to upon the ground that respondents were attempting to offset benefits against damages. Counsel for respondents then said to the court that he was not attempting to offset damages with benefits. All he wanted to show was that the railway was not a damage to the property as affecting any particular use to which it could be put. The court then said:

"It is not competent for the purpose of showing the increase to the value of the property received by reason of any benefit, but it is competent I think to rebut your testimony and to show that this property was uninjured for business purposes because of proximity to a railroad. Mr. Korte: That is all I wish the testimony to show. It is not in violation of any constitutional provision."

Under these circumstances and with this announced purpose of the testimony and its effect as ruled by the court in the presence of the jury, we do not think it was error, as an attempt to offset benefits. There could be no question but that respondent was entitled to meet the case made by appellants, and to offer testimony showing or tending to show the damaging effects anticipated by appellants' witnesses were not probable, nor naturally to be expected because of the building of the trestle. This testimony, being proper upon this issue, could not be excluded, because it would have been competent and admissible had it been proper to prove the benefits, especially in view of the announced purpose of its admission and the court's ruling as to the proper restricted effect.

It will hardly be denied that, in determining the damage to property because of a public use, the use to which the property can be put is an element; and the damage is not

determined by showing its use for any particular purpose, but results from a consideration of all the uses and purposes to which the property is adapted in its changed condition. A local improvement, or the building of a railroad, may utterly destroy the present use or adaptability of a piece of property; while at the same time it may so extend or enlarge that use and adaptability as not to prove a damage. Proof of such adaptability and use is therefore admissible, not to prove benefits when benefits as in this case may not be offset, but to disprove damage. *Port Townsend Southern R. Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710; *San Diego Land & Town Co. v. Neale*, 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604. The effect of the changed condition upon the market value of the property is the ultimate thing to be determined, and if, by reason of the change, the market value is not diminished because of some larger or more extended use and adaptability, then there is no damage for which the owner of the property is entitled to compensation. *Eachus v. Los Angeles Consol. Elec. R. Co.*, 103 Cal. 614, 37 Pac. 750, 42 Am. St. 149.

The next contention is, error in withdrawing lot 3 from the jury. Appellants' property consisted of five lots, the westerly lot being lot 3. The trestle crossed the street diagonally from southwest to northeast, but did not touch the street in front of lot 3. Under these circumstances appellants were not entitled to damages to lot 3, as it did not abut upon the right of way of the railway. This contention is controlled by *Smith v. St. Paul, Minn. & M. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889; *In re Fifth Avenue & Fifth Avenue South*, 62 Wash. 218, 113 Pac. 762; *Clute v. North Yakima & Valley R. Co.*, 62 Wash. 531, 114 Pac. 513.

The next assignment is in giving an instruction to the jury relative to a view of the premises which had been permitted them, and the object and purpose of this view. Among other things, the court told the jury in this instruction:

"The object of this view is to acquaint the jury with the physical situation, condition, and surroundings of the thing viewed. What the jury sees they know absolutely."

The particular complaint here is addressed to the last quoted sentence. Further on the court used this language:

"As to these matters, you must remember as part of the evidence in this case what you witnessed in viewing the premises and you have the right, and it is your duty to use your senses; and if any witness has testified to anything which you know by the evidence of your own sense on the view is false, you would not be bound to believe and indeed you could not believe the witness, and you may disregard the testimony."

This is also strongly objected to. This part of the instruction is taken from *Seattle & Montana R. Co. v. Roeder*, 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864, where, in discussing a like complaint of error, it was said:

"The jury, by these instructions, are not told that they may assess the damages to the property according to their notion as obtained by a view of the premises without regard to the evidence of witnesses. Such a rule cannot obtain. But they are told that, where there is conflict in the testimony, they may resort to the evidence of their senses on the view to determine the truth, and this, we think, is correct . . . The instruction excepted to has reference to conflicting testimony, and is certainly within the rule that the jury in such cases may make use of the knowledge disclosed by the view to determine the truth."

The court then quotes from *Washburn v. Milwaukee & L. W. R. Co.*, 59 Wis. 364, 18 N. W. 328, where the court, among other expressions in defining the purpose of a view by a jury, says, "What they see they know absolutely." It, therefore, seems to us that the *Roeder* case is decisive of this contention, and the instruction, especially when read as a whole with its evident intent and meaning as the jury must have understood it, was not error. The instruction also finds support in *Seattle v. Williams*, 41 Wash. 366, 83 Pac. 242.

The last error urged is in the refusal of the court to give the following instruction:

"You are instructed that in considering damages, if any, of plaintiffs, that they are entitled to the depreciation, if any, in value of their lots abutting upon the street where the obstruction is placed irrespective of and without regard to any benefits that may have resulted to the property from the construction of the railroad."

This request is a correct statement of the law and, if properly before the court, should have been given, unless its refusal could be placed upon other instructions already given covering the same point. Upon this point, the court has incorporated the following into the statement of facts, which is of course binding upon us:

"That at and during the argument of counsel for defendant to the jury, counsel P. C. Sullivan dictated to the shorthand reporter into the minutes of the trial the instruction set out in the statement of facts on page 246 thereof, but this was done without the court's attention being called to it; that the original notes now show and contain said instruction; that at no time was said instruction written out and offered in writing and served upon the defendant, handed to the court, or at any time marked refused or filed with the clerk of this court as a part of the offered instruction by the plaintiff. That there is no written instruction on file with the clerk of this court as contained on page 246 of said statement of facts."

Under these circumstances the failure of the court to give the instruction cannot be held error. We have held many times that the failure of the court to give proper instructions is not error unless the court was specifically requested to so charge. *Lownsdale v. Grays Harbor Boom Co.*, 21 Wash. 542, 58 Pac. 663; *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 59 Pac. 495.

These rulings are especially controlling, in view of the 1909 amendment to the trial practice act, whereby the trial judge must reduce his charge to the jury to writing, and read the same at the conclusion of the evidence and prior to

the summing up of respective counsel. It is also violative of rule 12, of the general rules of the superior court, which requires all proposed instructions to be filed in the cause and handed to the court and to opposing counsel. For these reasons this assignment of error cannot be sustained.

If additional reasons were needed, they might be found in the instructions given by the court. In instruction 4, the jury were told that the only questions in the case, "are whether the structure erected by the defendant in and across Bay street adjacent to plaintiffs' lots are an injury to the value of plaintiffs' lots and if there is any injury to what extent plaintiffs have been damaged." We do not know how the court could have used plainer language to tell the jury the only material inquiry for them was the extent, if any, of the damage to the lots. In another instruction they were told to ascertain whether or not the market value of the lots had been decreased by reason of the railroad crossing the highway diagonally in front of them, and the amount of such decrease would be the proper amount for the verdict. It is clear from the instructions given that the court told the jury to consider only the question of damages in determining their verdict; and the jury, if they understood the instructions at all, must have so understood them.

Upon a review of the whole record, and the assignments of error in connection therewith, we find none of them sustained, and the judgment is affirmed.

DUNBAR, C. J., CROW, and ELLIS, JJ., concur.