[No. 11756. Department One. February 28, 1914.]

T. S. WILLIAMS et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—STREETS—IMPROVEMENTS—DELAY—DAMAGES. A city cannot be charged with unreasonable delay in improving a street during the time that continuance of the work was prevented by restraining orders.

SAME—ABUTTING OWNERS—INJURIES. A city is not liable to an abutter on a cross street for unreasonable delay in improving another street, where the delay was due to restraining orders and it was not certain that access was cut off to the cross street.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 22, 1913, dismissing an action in tort, upon the ground that the complaint did not state a cause of action. Affirmed.

Scott Calhoun, for appellants.

James E. Bradford and William B. Allison, for respondent.

[1]Reported in 139 Pac. 45.

CHADWICK, J.—The city of Seattle undertook to regrade and improve certain streets. This action was begun to recover damages alleged to have been suffered by plaintiffs because of the unreasonable delay in finishing the work. After one witness had been sworn and testified, the court directed a judgment of dismissal on the ground that the complaint did not state a cause of action.

Plaintiffs' property does not abut the street improved, but is located upon a block between two of the streets. It is not certain that access to the property was cut off, nor are we willing to hold that there was an unreasonable delay, it being alleged in the complaint itself that the city had not complied with the law and was delayed in consequence of restraining orders issued pending suits to enjoin the work. However brought about, we are unwilling to charge the time the city was under restraint as a part of the time going to make up what is alleged to be an unreasonable time. To sustain this proceeding, we would have to hold that a city could not improve streets without at the same time improving cross streets. Courts cannot direct the business policy of a city, and they have persistently refused to direct the legislative bodies of cities and towns or to restrain them unless they are proceeding in defiance of the constitution or of some statute, or arbitrarily or in fraud of the rights of the citizen.

The complaint may be technically sufficient to pass a demurrer, but when considered in connection with the testimony of the engineer, who was put upon the stand by plaintiff, it is clear that no recovery can be had, under the authority of *In re Fifth Avenue etc.*, 62 Wash. 218, 113 Pac. 762; *Murphy v. Chicago, Milwaukee & St. P. R. Co.*, 66 Wash. 663, 120 Pac. 525; *Freeman v. Centralia*, 67 Wash. 142, 120 Pac. 886, Ann. Cas. 1913 D. 786; *De Kay v. North Yakima & Valley R. Co.*, 71 Wash. 648, 129 Pac. 574.

Affirmed.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.