[No. 12213.  Department One.  February 8, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Puget Sound & Willapa Harbor Railway Company, Appellant*, v. HENRY FOSTER *et al., Respondents.*[1]

EMINENT DOMAIN—DAMAGES—ELEMENTS—ACCESS TO PUBLIC HIGHWAY. In condemnation proceedings for a railroad right of way through a farm, which crossed a public highway through the farm at such an acute angle as to deprive the owner of right of access to the public highway for a distance of 300 feet on either side of the point of intersection, the owner is entitled to the damages sustained by reason of this interference with his right of access to the highway.

SAME—DAMAGES—MEASURE OF DAMAGES. Instructions as a whole to the effect that the measure of damages for the condemnation of farm land by a railroad company is the depreciation in the market value of the remaining portion of the farm, in addition to the value of the portions taken, are not erroneous, although they may have been technically so in some few expressions, standing alone.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered April 2, 1914, upon the verdict of

[1]Reported in 146 Pac. 154.

a jury awarding damages in condemnation proceedings. Affirmed.

*F. M. Dudley* and *Gus L. Thacker*, for appellant.

*Forney & Ponder, Dysart & Ellsbury*, and *C. D. Cunningham*, for respondents.

PARKER, J.—This is an eminent domain proceeding wherein the plaintiff seeks to acquire a right of way across the farm of the defendants. A trial before the court and a jury resulted in verdict and judgment awarding to the defendants damages in the sum of $3,122, from which the plaintiff has appealed.

The respondents own a large and valuable farm in Lewis county, through which runs a county road in an easterly and westerly direction. Appellant has projected and seeks to acquire a right of way across respondents' farm in a northeasterly and southwesterly direction, crossing this county road at an acute angle near the center of respondents' farm. This, by reason of the angle at which the proposed right of way crosses the road, will deprive respondents of access from their land to the road for a distance of some three hundred feet on each side thereof, though they will continue to have access from their land to the road at other points at which their land borders thereon.

The principal contention of appellant, in substance, is that the trial court erred in allowing respondents to introduce evidence tending to show that they would be damaged by the crossing of the county road by appellant's right of way in this manner, and in giving to the jury instructions submitting to it, for consideration, this with other elements of damage to respondents' farm. This contention is rested upon the theory that the trial court's ruling in effect permitted the jury to award to respondents compensation for injury to the county road alone, which, if any, is an injury which the respondents share with the public generally, citing

and relying upon our decisions in *Smith v. St. Paul, Minn. & M. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889, 70 L. R. A. 1018, and *Clute v. North Yakima & Valley R. Co.*, 62 Wash. 531, 114 Pac. 513.  In the *Smith* decision, at page 362, it is said:

"It is urged that the excavations made through the cross-streets in respondents' neighborhood constituted an injury for which they are entitled to damages.  We think not.  If the railroad was constructed in the public street adjacent to respondents' lots, they would be entitled to recover whatever damages were occasioned thereby.  This is upon the theory that every owner of property bordering upon the street has a right to access, light, and air therefrom, which right is an appurtenant to the land, and any physical impairment of that right is regarded as actionable.  Such an injury is one peculiar to the land owner, and not shared in kind by others.  But where the injury complained of is an obstruction, not adjacent to the land of the person in question, but to a street in the neighborhood which he uses, or might use, in common with the public in general, he has no right of action as an owner of injured property.  That he may use the street more often than most or all others, makes a difference only in degree and not in character, and does not entitle him to damages by reason of injury to his property."

While this is a fair statement of the general rule, it also suggests its limitations.  If appellant's proposed right of way crossed the county road within the boundaries of respondents' farm at approximately right angles, so that there would be no interference with access to the road at any point of its frontage thereon, this doctrine might be applicable, but it is plain that some three hundred feet of the frontage of respondents' land upon each side of the road will be cut off by the crossing of appellant's right of way at such an acute angle, and their access to the road to that extent be interfered with.  This is no different or less an interference with respondents' right of access to the road than as if appellant's right of way were parallel with and adjoining the road for

an equal distance and thereby cut off respondents' access to the same extent. The owners of land abutting upon a public highway have right of access from their land to such highway which they do not share with the general public, as they do the right to travel along the highway. *State v. Seattle*, 57 Wash. 602, 107 Pac. 827, 27 L. R. A. (N. S.) 1188. It is plain from the record before us that the evidence which counsel for appellant complains of was limited by counsel for respondents to damages which will result to them from interference with their access to the road, in so far as such access would be cut off by appellant's right of way crossing the road at such an acute angle. Care was taken by the court to so limit this claimed item of damage by its instructions reading in part as follows:

"You will not allow any damages to defendants in this case by reason of any obstruction of or interference with the use of any highway as a means of travel or transportation along such highway. Any interference with rights in the use of a highway which the defendants, or any of them, hold in common with the public, cannot be made the basis for allowing damages."

We conclude that this contention of counsel for appellant is not well founded.

Some contention is made by counsel for appellant that the trial court erred in giving instructions and refusing to give others requested, touching the measure of damages. It might be possible to discover technical errors in these rulings of the court were we to notice some few expressions therein without reference to the instructions as a whole; but that the learned trial court plainly conveyed to the jury the thought that the ultimate measure of respondents' damages must be the depreciation in the market value of the remaining portion of their farm in addition to the value of the portions taken, seems so plain to us that whatever technical error there may have been in some few expressions of the court, standing

alone, it was wholly without prejudice. We think the cause does not call for further discussion.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and HOLCOMB, JJ., concur.