[No. 21606.   Department One.   May 23, 1929.]

A. C. YOUNG, *et al., Respondents,* v. W. R. NICHOLS *et al., Appellants.*[1]

*Henderson, Carnahan & Thompson, Kelly & Mac-Mahon, Kerr, McCord & Ivey, E. K. Murray, Leo Teats* and *Bartlett Rummel,* for appellants.

*Frank C. Neal, L. R. Bonneville,* and *Byron D. Scott,* for respondents.

FULLERTON, J.—Court C of the city of Tacoma, is a public street of that city, forty feet in width, extending in a northerly and southerly direction. It is crossed at right angles by numerous streets, running in an easterly and westerly direction. Blocks 1106 and 1107 lie between Eleventh street and Thirteenth street of such cross streets, and face upon the court named. The appellants Nichols and wife are the owners of the lots numbered from one to six in block 1107, lot one paralleling upon Eleventh street and the others ex-

[1]Reported in 278 Pac. 159.

tending southerly therefrom. The tract so owned forms a rectangle one hundred and twenty feet wide and one hundred and fifty feet long. On January 19, 1927, Nichols and wife and certain other owners of property in blocks 1106 and 1107, petitioned the city council of the city of Tacoma for an order vacating that part of Court C lying immediately in front of the property owned by Nichols and wife for a width of nine and one-half feet and extending the full length of the property. The order of vacation was granted by the city council. Nichols and wife had theretofore leased the property to the appellant Charada Investment Company for a term of ninety-nine years, and that company had by a sub-lease transferred its interest to the appellant, Crystal Palace Market Company, Inc. The latter company erected a building upon the leased property, extending it over the vacated portion of the court.

The present action was instituted by other owners of property in blocks 1106 and 1107, whose property abutted upon the court, to enjoin the maintenance of the building, and to require its removal in so far as it extended into the court as the court originally existed. The trial court granted the relief as demanded, and this appeal is from its judgment and decree.

Certain subsidiary questions are presented by the appeal; the principal one, and the only one which we think requires notice, is that the respondents have no such special interest as will enable them to maintain the action. But they are abutting property owners. The court in question affords them the means of ingress to and egress from their property. Any change which impairs such ingress and egress must affect them in a way different than the members of the general public are affected. To the greater number of the residents of the city of Tacoma, it is possibly of little importance

whether the particular court exists as a street or not; in passing from one part of the city to another, there are doubtless numerous ways provided as convenient for their use as is this way. But to those whose property abuts upon the court, and who must use it to get to and from their property, its existence is vital. If they may not have this means of access, they must procure another at their own expense and loss. In this instance, the part vacated is a substantial part of the street, and an inference of special damage naturally arises from the mere fact of vacation. But there was here, in addition, evidence tending to show substantial damage. We think the respondents clearly have such a special interest as will enable them to maintain the action.

The main question presented is the validity of the order of vacation. The power of a city, in this state at least, to vacate such of its streets or parts of its streets as it chooses, is unquestioned. To illustrate, it may change a street from its use as a highway to a use for another public purpose, when it is determined that the change will better serve the public good; it may vacate a street when it is no longer required for public use, or when its use as a street is of such little public benefit as not to justify the cost of maintaining it; or when it is desired to substitute a new and different way more useful to the public; and, of course, it is within the power of a city to vacate a street where all of the property owners adversely affected consent to the vacation. But in all instances, the order of vacation must have within it some element of public use, and even where the order serves a public use, it cannot be exercised against the will of abutting property owners adversely affected, unless the damages they suffer thereby are in some way compensated. Our cases maintaining the principles announced need not be

specially reviewed. The following will be found illustrative: *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797; *Sweeney v. Seattle*, 57 Wash. 678, 107 Pac. 843; *Spokane v. Thompson*, 69 Wash. 650, 126 Pac. 47; *Humphrey v. Krutz*, 77 Wash. 152, 137 Pac. 806; *Reed v. Seattle*, 124 Wash. 185, 213 Pac. 923; 29 A. L. R. 446; *Motoramp Garage Co. v. Tacoma*, 136 Wash. 589, 241 Pac. 16; *Fry v. O'Leary*, 141 Wash. 465, 252 Pac. 111.

The vacation of the part of the street in this instance has in it no element of public use. It was made solely for the private benefit of the owners and lessees of the lots above described. As such, the order is without sanction in law, and furnishes no justification for the obstruction the appellants have placed upon it.

The judgment is affirmed.

FRENCH, TOLMAN, HOLCOMB, and BEALS, JJ., concur.