[No. 23350. Department One. December 17, 1931.]

OSCAR AHL, *Appellant*, v. JOE McKIEL, *Appellant*,
ALICE DOW BROWNER, *Respondent*.[1]

*Chas. R. Lewis,* for appellant Oscar Ahl.

*J. W. Graham,* for appellant Joe McKiel.

*Chas. R. Lewis,* for respondent.

[1]Reported in 5 P. (2d) 999.

BEELER, J.—The plaintiff, Oscar Ahl, brought this action to enjoin the defendant, Joe McKiel, from trespassing upon his lands, and from diverting waters from a perennial spring which he alleged was located upon his premises. Within about ten days thereafter, Alice Dow Browner intervened in the action, and in her complaint alleged that the spring in controversy was situated upon her lands, and that the defendant was trespassing thereon, in that he had excavated and constructed a concrete container at the spring for the purpose of impounding the waters thereof. She further alleged that the defendant had connected a three-inch pipe with the container, had extended a pipe line across her premises without her permission, and unless restrained, the defendant would divert all the waters from the spring and thereby deprive her of the use thereof.

The defendant in his answer denied that the spring was located on the lands of either the plaintiff or intervener. He alleged affirmatively that the spring was a spring stream, with a well defined channel, and that the supervisor of hydraulics of the state of Washington had issued to him a permit authorizing him to appropriate for his own use a certain amount of the waters thereof.

The trial court, after hearing the evidence of the parties, and before reaching a decision, visited the premises on which the spring is located on two occasions, once in September, 1930, during the dry season, and once in February, 1931, during the wet season, and from the evidence, aided by his personal inspection, reached the conclusion that the spring was a natural one and was situated upon the real estate owned by Mrs. Browner.

These findings are supported by the evidence. A decree based thereon was thereafter entered, dismiss-

ing plaintiff's action and enjoining McKiel from trespassing upon the lands of Mrs. Browner and from taking water therefrom, and ordering him to remove from her lands all pipes and other constructions placed thereon for the purpose of impounding and diverting water from the spring. Both McKiel and Ahl have appealed from this decree.

It appears that the plaintiff, Ahl, and the intervener, Mrs. Browner, for many years have owned lands adjacent to Spring street, in the town of Hoodsport, Mason county. This street was vacated by the proper authorities in 1926, and the title thereto reverted to the owners of the adjacent land. The spring was situated on that part of the vacated street which reverted to Mrs. Browner. The overflow from this spring did not flow in a well-defined channel but scattered over ruts in the abandoned street, and seeped upon the lands owned by Ahl, which are situated at a lower level than the Browner lands. The flow of the spring increases during the winter months, and decreases during the summer months.

McKiel owns lands lying below the lands owned by Ahl and Browner, and, for the purpose of securing part of the waters from the spring, was given permission by Mrs. Browner in 1927 to lay a one-inch pipe across her land, and to divert a part of the waters of the spring to his personal use. The laying of this pipe and the use of the water was permitted by Mrs. Browner on condition, however, that the diversion should not interfere with her own use or with that of Mr. Ahl.

In 1930, McKiel secured from the supervisor of hydraulics of the state of Washington a permit authorizing him to divert a specified amount of water from the spring. Soon thereafter, he began to con-

struct a concrete container to impound the waters, and substituted a three-inch pipe for the one-inch pipe previously used. As soon as McKiel, under the permit issued to him by the state, sought to establish a legal right to divert the water to his own use, the gratuitous license or permission theretofore given was withdrawn by Mrs. Browner.

The first question presented is whether the appellant McKiel acquired any rights to the waters of the spring by virtue of the permissive use accorded to him by Mrs. Browner or by the permit issued to him by the state supervisor of hydraulics.

It is quite clear that no legal right to the use of this water was acquired by McKiel because of the neighborly indulgence of Mrs. Browner.

"As a general rule a mere license, that is, one which is merely a personal privilege not coupled with an interest in the land, may be revoked by the licensor at any time, at his pleasure." 37 C. J. p. 290, § 193.

Several other questions were presented to the trial court and renewed and re-argued in this court. They involve estoppel, riparian rights, adverse user, permissive user and vacation of public streets. But since the spring in question is situated upon the property of Mrs. Browner, it is unnecessary to discuss any of these questions, because we are satisfied that the appellant McKiel was a trespasser upon the lands of the intervener. True, the intervener gave McKiel permission in 1927 to divert water from the spring through a one-inch pipe, but as soon as he undertook to install a three-inch pipe and to divert a larger quantity of water, she immediately instituted these proceedings and enjoined him from coming upon her premises. Being a trespasser, the intervener had the right to enjoin the appellant at any time. The per-

missive use given by her to McKiel was a mere license and revokable at will.

The judgment appealed from was right, and the same is affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.