■ BERSANI BUILDING, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36541.) — Judgment insofar as appealed from unanimously reversed on the law and facts, without costs of this appeal to either party and claim dismissed. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The State appeals from that portion of the judgment which makes an award to claimant in the sum of $32,600 plus interest as damages for change of grade of Oswego Boulevard at the rear of claimant's premises. Claimant was not

legally or factually an abutting owner, since an 18-foot strip of land owned by the City of Syracuse intervened between the rear of claimant's property and the right of way line of Oswego Boulevard. (*Bernhard* v. *City of Rochester*, 127 App. Div. 875, affd. 194 N. Y. 566; *Peck* v. *State of New York*, 15 A D 2d 443.) "The owner of property not abutting or fronting on a street where the change of grade takes place is not entitled to any damages therefor." (*Kansas City* v. *Brown*, 286 Mo. 1, 21; *Gardner* v. *City of St. Joseph*, 96 Mo. App. 657; *Smith* v. *St. Paul, M. & M. Ry. Co.*, 39 Wash. 355; *O'Connell* v. *Seattle*, 62 Wash. 218.) Nichols on Eminent Domain states the rule thus: "So, also, it is generally considered that, in order to suffer damage in the legal sense, a parcel of land must abut upon the street which is graded." (2 Nichols, Eminent Domain, p. 562.) (Appeal from part of judgment of Court of Claims for claimant on a claim for damages sustained as the result of change of grade and reconstruction of highway.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.