[No. 1204-1.    Division One—Panel 1.    December 4, 1972.]

ROBERT G. HOSKINS *et al., Appellants,* v. THE CITY OF
KIRKLAND, *Respondent.*

*Bogle, Gates, Dobrin, Wakefield & Long* and *Bettina B. Plevan,* for appellants.

*Ostrander & Van Eaton* and *Ralph I. Thomas,* for respondent.

HOROWITZ, C.J.—This appeal principally involves the question of standing to attack a city ordinance purporting to vacate a portion of a street within the city of Kirkland so as to deprive plaintiffs of their claimed rights of access to their property. Plaintiffs appeal from the summary judgment dismissing their action.

Plaintiffs Hoskins own a 10-acre tract which, according to the scale map, is about 1,300 feet long and 330 feet wide. It lies immediately to the east of a tract of platted land known as the Bridlewood Circle plat now within the city of Kirkland. The two tracts lie side by side, separated by 124th Avenue N.E., a platted and undeveloped dirt road running in a northerly and southerly direction. 124th Avenue N.E. lies beneath the city of Seattle Skagit electrical transmission line and within the transmission easement. The Bridlewood Circle plat is located to the west of the road, and the plaintiffs' property is located to the east of the road. Each tract at its northerly end abuts upon N.E. 60th Street, an improved street running in an easterly and westerly direction and furnishing access to each tract at its respective northerly end. 124th Avenue N.E., at its northerly end, empties into N.E. 60th Street.

Plaintiffs have a private residence located on their tract southerly from N.E. 60th Street and at a point approximately opposite from the entrance way of N.E. 57th Street as that street emerges in a southeasterly direction from the Bridlewood Circle plat. Prior to the events next recited, King County had issued plaintiffs a trail permit dated June 19, 1969, to enable them to have access to N.E. 57th Street from their tract across 124th Avenue N.E. Plaintiffs, by use of that access, were able to reach N.E. 60th Street. Plain-

tiffs' alternative access to N.E. 60th Street was over the unimproved 124th Avenue N.E. or over their own tract which had no road thereon to provide ready access to that street.

Prior to the institution of this suit, the residents of the Bridlewood Circle plat sought to have N.E. 57th Street vacated by King County to confine egress from and ingress to their tract from a single entranceway on N.E. 60th Street. They failed. Subsequently, the Bridlewood Circle residents met to consider a City of Kirkland proposal that if the Bridlewood Circle plat were annexed to the city of Kirkland, the city would vacate N.E. 57th Street. In due course, apparently with the cooperation of the Bridlewood Circle residents, the annexation took place. The Kirkland City Council then enacted ordinance No. 2100, which provided for the vacation of N.E. 57th Street. The Bridlewood Circle residents deeded the vacated tract to the city. The city then offered plaintiffs a revocable easement for access over vacated N.E. 57th Street. Plaintiffs refused to accept it.

Plaintiffs later brought the suit below seeking a declaration of their rights based upon the claimed invalidity of ordinance No. 2100. Defendant moved for summary judgment, supported by affidavit. Plaintiffs filed a counteraffidavit. The court below granted defendant's motion and dismissed plaintiffs' suit. Plaintiffs appeal.

The question presented is whether there is a genuine issue of material fact concerning the existence of a cause of action, *i.e.*, claim for relief, in favor of plaintiffs to invalidate ordinance No. 2100. The answer to the question involves a consideration of plaintiffs' standing to sue and the validity of the ordinance as well. We affirm the judgment below.

▇▇▇▇ A city may enact an ordinance providing for the vacation of a public street within its territory, thereby extinguishing the public easement thereon, by following the statutory procedure provided by RCW 35.79. 11 E. McQuillan, *Municipal Corporations* §§ 30.196, 30.202 (3d ed.

rev. 1964). The ordinance must be enacted for a "public use." *Young v. Nichols,* 152 Wash. 306, 278 P. 159 (1929); 11 E. McQuillan, *supra* at § 30.186a. *See Puget Sound Alumni of Kappa Sigma, Inc. v. Seattle,* 70 Wn.2d 222, 422 P.2d 799 (1967). A public use may exist even if some private benefit may result. *Banchero v. City Council,* 2 Wn. App. 519, 468 P.2d 724 (1970). The power to vacate a public street exists notwithstanding some inconvenience will follow to others who are thereby deprived of street access they would otherwise have had. Thus, a person, whether or not a landowner, who sustains damage not different in kind even though different in degree from that suffered by others, has no legal basis for complaint. No legal right of such a person is violated by the street vacation and the damage sustained is damnum absque injuria. Accordingly, refusal to compensate him for his injury is not a taking of property without compensation in violation of U.S. Const. amend. 14 and Const. art. 1, § 16 (amendment 9). *State v. Wineberg,* 74 Wn.2d 372, 444 P.2d 787 (1968); *Capitol Hill Methodist Church v. Seattle,* 52 Wn.2d 359, 324 P.2d 1113 (1958); *State v. Kodama,* 4 Wn. App. 676, 483 P.2d 857 (1971); 11 E. McQuillan, *supra* §§ 30.192, 30.194.

It is only the landowner whose property abuts upon a street vacated or proposed to be vacated, or the nonabutting landowner who suffers special injury that may complain of illegality. *Yarrow First Associates v. Clyde Hill,* 66 Wn.2d 371, 403 P.2d 49 (1965); *Kemp v. Seattle,* 149 Wash. 197, 270 P. 431 (1928); *Banchero v. City Council, supra;* 11 E. McQuillan, *supra* § 30.192. Case law elsewhere on what constitutes special injury is divided. In Washington, at least in the absence of overriding public benefit, a landowner whose land becomes landlocked or whose access is substantially impaired as a result of a street vacation is said to sustain special injury. *Yarrow First Associates v. Clyde Hill, supra; Capitol Hill Methodist Church v. Seattle, supra; Kemp v. Seattle, supra; Banchero v. City Council, supra;* 11 E. McQuillan, *supra* § 30.192. If, however, the landowner still retains an alternate mode of egress from or ingress to

his land, even if less convenient, generally speaking he is not deemed specially damaged. He has no legal right to prevent the vacation because no legal right of his has been invaded. As stated in *Capitol Hill Methodist Church v. Seattle, supra*:

> To maintain this action, their right of access must be "destroyed or substantially affected," or, to put it another way, their reasonable means of access must be obstructed, and they must suffer a special damage, *different, in kind and not merely degree,* from that sustained by the general public.

52 Wn.2d at 366.

A denial of relief to a landowner in street vacation cases is or may be placed on the ground that the landowner has no standing to sue, whether for damages, injunction, or declaratory judgment relief. Standing to sue is not the same as procedural capacity to sue. A denial of standing to sue means that the damages of which he complains are damnum absque injuria because no protectible interest or cause of action belonging to him has been violated. *See State v. Wineberg, supra; Capitol Hill Methodist Church v. Seattle, supra.* He is not a "person interested" within the meaning of declaratory judgment statutes such as RCW 7.24.020. *See* 17 E. McQuillan, *Municipal Corporations* § 49.85 (3d ed. rev. 1968). *Cf. Miller v. Pasco,* 50 Wn.2d 229, 310 P.2d 863 (1957).

In the instant case, plaintiffs contend summary judgment is improper because there is a genuine issue of material fact both as to their standing to sue and as to the public use character of ordinance No. 2100 they seek to attack. A summary judgment of dismissal would be proper if plaintiffs either have no standing to sue, *i.e.,* are not persons "interested," or if ordinance No. 2100 was enacted for a public use and there is no genuine issue of fact concerning either standing or public use.

It is undisputed that plaintiffs have not sustained special damages as abutting property owners because their property does not abut on N.E. 57th Street. Furthermore, their

preannexation trail permit obtained from King County to protect their access was automatically canceled when the City of Kirkland annexed the Bridlewood Circle tract on which N.E. 57th Street was located. RCW 35.13.280.

It is true that under that statute the term of a canceled public utility franchise must be extended by the annexing city for a minimum 5-year term from the date of the original franchise or permit. However, the trail permit incorporates only those provisions "as may apply to any utility franchise granted the applicant." The trail permit at best is a mere revocable license. *Reed Logging Co. v. Marenakos*, 31 Wn.2d 321, 196 P.2d 737 (1948); *Ahl v. McKiel*, 165 Wash. 659, 5 P.2d 999 (1931); *Hathaway v. Yakima Water, Light & Power Co.*, 14 Wash. 469, 44 P. 896 (1896); 1 H. Tiffany, *Real Property* §§ 833-34 (1939). The reasons for a guaranteed minimum term in the event of annexation applicable to a public utility franchise do not necessarily apply to a revocable permit for the private use and convenience of a nearby landowner. In the absence of a clear statement of intention to substitute a minimum 5-year term for a revocable permit in the event of cancellation, we cannot hold that the minimum term is a provision included in the language "as may apply." Indeed, plaintiffs do not so contend. Instead, plaintiffs claim the vacation is totally invalid. They have refused a proffered revocable easement by the City of Kirkland over the vacated street previously deeded to the city even though the proffered easement is more generous in some respects than the canceled trail permit.

Furthermore, plaintiffs have no cause of action based on having sustained special damages "different, in kind and not merely degree, from that sustained by the general public." *Capitol Hill Methodist Church v. Seattle, supra*. Plaintiffs' property is not landlocked by the street vacation. Plaintiffs still retain the same alternative access to their property over 124th Avenue N.E., and on N.E. 60th Street on which the northerly end of their property abuts, that they had when they built their private residence across from the entranceway into N.E. 57th Street. It is true that

access from their private residence to N.E. 60th Street is now less convenient. Plaintiffs, however, may even eliminate the inconvenience of which they now complain by building a roadway from their residence on their own property to N.E. 60th Street. For the reasons stated, that inconvenience is damnum absque injuria. *Capitol Hill Methodist Church v. Seattle, supra.* We find no genuine issue of fact concerning plaintiffs' lack of standing to sue.

Assuming arguendo that plaintiffs have standing to sue, the question remains whether there is a genuine issue of material fact that ordinance No. 2100 was not enacted for a public use.

■ Defendant relies upon the presumption that ordinance No. 2100 was validly enacted for a public use. *State v. Oyen,* 78 Wn.2d 909, 480 P.2d 766 (1971); *Reesman v. State,* 74 Wn.2d 646, 445 P.2d 1004 (1968); *Seattle v. Wright,* 72 Wn.2d 556, 433 P.2d 906 (1967). A summary judgment may rest on that presumption in the absence of prima facie evidence to overcome it. *Bates v. Bowles White & Co.,* 56 Wn.2d 374, 353 P.2d 663 (1960).

Upon the filing of defendant's motion for summary judgment plaintiffs, to overcome the presumption of validity, were required to make at least a prima facie showing of lack of public use. *Banchero v. City Council, supra,* points out:

> The legislature or, in this case, the city council, is the proper body to weigh the benefit to the public. Only where there is no possible benefit to the public will this court review the legislative determination.

2 Wn. App. at 523.

To overcome the presumption, plaintiffs' affidavit first relies on a copy of a letter circulated to the Bridlewood Circle residents prior to the annexation. Giving the letter maximum effect, it appears the Bridlewood Circle residents sought to protect their tract by limiting ingress into and egress from the tract to a single point on N.E. 60th Street. Private benefit does not necessarily exclude public use. In *Banchero v. City Council, supra,* the court said:

The fact that some one private party may benefit directly or incidentally from a street vacation does not mean that the vacation will not also serve a public use or purpose.

2 Wn. App. at 524. *See also Freeman v. Centralia,* 67 Wash. 142, 120 P. 886 (1912); *Ponischil v. Hoquiam Sash & Door Co.,* 41 Wash. 303, 83 P. 316 (1906). The letter is insufficient to overcome the presumption of validity.

■ Plaintiffs also rely upon the recommendation against the street vacation by the Kirkland City Planning Commission to the City Council of Kirkland. The commission was of the opinion that there should be no vacation because of the prospective loss of access over the vacated street by the plaintiffs and because the vacation was not in the public interest. The commission's recommendation represents a difference of opinion concerning the competing values involved between the planning commission and the Kirkland City Council. However, the power to vacate the street is vested in the Kirkland City Council and not in the commission. RCW 35.79.030. Necessarily, the City Council, in the good faith discharge of its legislative responsibilities, is free to evaluate the force and effect of the commission's reasons and to disagree with the commission's recommendation. Such disagreement alone does not amount to bad faith, arbitrary or fraudulent action, the existence of which would overcome the presumption of validity and negate an express finding of public use or benefit. *See Kakeldy v. Columbia & Puget Sound R.R.,* 37 Wash. 675, 80 P. 205 (1905); *Banchero v. City Council, supra.* Ordinance No. 2100 expressly recites:

[I]t appears desirable and to the best interests of the City, its residents and the property owners abutting thereon that said street be vacated . . .

The record here shows some private benefit but fails to show that the vacation conferred "no possible benefit to the public . . ." *Banchero v. City Council, supra,* 2 Wn. App. at 523. As between the respective parties here, there is no genuine issue of material fact concerning the validity

of the ordinance. *See Capitol Hill Methodist Church v. Seattle, supra.* The presumption of validity has not been overcome.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.