■ PATTERSON BLACKTOP CORPORATION, Appellant, v CITY OF NEW YORK et al., Respondents. [607 NYS2d 269] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 21, 1992, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, the owner of land adjacent to that of defendant City, paid fees to the City for many years for a permit giving it the use of an access driveway to a State highway. The State built the highway by virtue of an easement acquired through eminent domain. Plaintiff seeks a judgment declaring that by virtue of the condemnation, the City can no longer require it to obtain a permit.

The IAS Court properly found that the State's condemnation, which may not be "extended by inference or implication" *(Schulman v People,* 10 NY2d 249, 255), did not create an easement for plaintiff to cross defendant City's land, and dismissed the complaint *(see, e.g., Bersani Bldg. v State of New York,* 21 AD2d 848). Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK THOMAS, True Name ANTHONY HARPER, Appellant. [607 NYS2d 269] —Judgment, Supreme Court, New York County (James Leff, J.), rendered June 17, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 6 years to life, unanimously affirmed.

The officers' observation of defendant arguing with the driver of the gypsy cab that was obstructing traffic justified their approach to request information *(People v Hollman,* 79 NY2d 181, 184). Defendant's actions—an immediate attack on the officers prior to any inquiry by them—cannot be viewed as "responsive" to the officers' mere approach, and thus served as the predicate for his arrest and the seizure of the weapon found on his person. We do not find the officers' account of the events incredible on its face. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.